1
2
3
4
5
6                               DISTRICT COURT OF GUAM
7                                TERRITORY OF GUAM
8



9 UNITED STATES OF AMERICA,               Criminal Case No. 96-00089

10                 Plaintiff-Respondent,

11        vs.                            ORDER

12 ROLAND M. ABISIA,

13                 Defendant-Petitioner.

14

15      This matter comes before the Court on petitioner's Motion Under Fed. R. Crim. P. Rule

16 35 (b) Pursuant to: Specific Performance of Plea Agreement, and/or Debriefing. Upon review of the

17 pleading, the Court notes that the petitioner is proceeding under 28 U.S.C. § 2255. Accordingly, the

18 pleading shall be construed and ruled upon pursuant to the applicable case law controlling the relief

19 sought under 28 U.S.C. § 2255.

20      IT IS SO ORDERED, this 9th day of November, 2004.

21
22
23
24                                 JOAQUIN V.E. MANIBUSAN, JR.
                                   United States Magistrate Judge
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

IN THE MATTER OF:

| | | |
|---|---|---|
| ROLANDO M. ABISIA | : | CASE FILE NO: 96-CR-0089-01 |
| Petitioner | : | |
| | : | |
| V. | : | MOTION UNDER FED. R. CRIM. P. |
| | : | RULE 35 (b) |
| UNITED STATES OF AMERICA | : | PURSUANT TO: SPECIFIC PERFORMANCE |
| Respondant | : | OF PLEA AGREEMENT, AND/OR DEBRIEFING |

## PETITIONER'S MOTION FOR SPECIFIC PERFORMANCE
## OF PLEA AGREEMENT
## AND DEBRIEFING

**COMES NOW**, the petitioner Rolando M. Abisia, pro se representation, in prayer of a fruitful and liberal review to the said violation of the government's breach of plea agreement to-wit.

A petition under pro se litigant is to be reviewed in the light of Haines v. Kerner, 404 US 519, 520 (1972) holding to be held "to a lesser stringent process as of those papers drafted by lawyers" id.

Petitioner also prays that this Honorable Court will review the entire record of forfeitures, assets that was turned over to the government, without contesting the forfeiture.

However, petitioner did contest the forfeiture of $22,377.83 seized from the Bank of Hawaii account no: 038-276697-(038-58602-4), because this sum of money was a legitimate bank account prior to his trafficking proceeds, which was denied on Dec. 6, 2002, with a final order of forfeiture, case file no: 00-0020, US Dist. Ct. for the Territory of Guam.

All other forfeitures were willfully released by petitioner to the US Marshalls.

# CASE DISCUSSION

## STATEMENT OF SUBJECT

This is a 28 USC §2255 from a judgment rendered May 29, 1997 by the Honorable John S. Unpingco, District Judge for the United States District Court, District of Guam, in which he sentenced Rolando M. Abisia, the appellant, to 360 months (30 years) of imprisonment, and waived any fine for his conviction of Conspiracy to Distribute Crystal Methamphetamine under 21 USC §841 (a)(1) and §846. (CR 40)

The judgment was entered on the docket on May 29, 1997. (CR 40). Mr. Abisia filed a timely notice of appeal on June 3, 1997. (CR 41).

The United States District Court for the District of Guam had jurisdiction pursuant to Title 48, United States Code, §1424 (b). See also Title 48, Unites States Code, §1424-4.

On October 9, 1996, Abisia appeared before the US District Court Judge, John S. Unpingco, and waived Indictment and entered his guilty plea, which the Court accepted. (CR 7). Abisia was remanded to the custody of the F.B.I. for up to 72 hours so that he could "cooperate" in an ongoing investigation of drug trafficking on Guam, then remanded to the US Marshall Service for removal to the mainland US for security purposes. (CR 7).

On October 10, 1996, Abisia moved to withdraw his plea of guilty. (CR 9). On October 11, 1996, the Court modified its detention Order, by allowing Abisia phone contact with his attorney only, and by segregating him from others at the federal detention center on Guam. (CR 13).

On October 15, 1996, the government filed an Opposition to Abisia's Motion to Withdraw his guilty plea. (CR 15). Abisia withdrew his Motion the same day. (CR 18).

-2-

On October 30, 1996, Abisia testified before a federal grand jury, after which the government moved to unseal the record. (CR 20). (TR., at p. 23).

On November 25, the Court revised the Detention Order permitting Abisia to have phone contact and visits from his family. (CR 21).

On January 17, 1997, Abisia, through his new attorney, moved again to withdraw his guilty plea. (CR 25). The government filed its Opposition on February 7, 1997. (CR 30). On March 14, 1997, Abisia withdraws his Motion through undersigned counsel. (CR 34). The government had no objection and the Court granted Abisia's Motion to Withdraw his Motion to Withdaw Guilty Plea. (CR 34).

The Court Ordered a Pre-Sentence Report to be filed by April 4, 1997. (CR 31). The Report was transmitted April 8, 1997. (Excerpt "00024-38") Sentencing was held on May 27, 1997. (CR 39). The Notice of Appeal followed on June 3, 1997. (CR 41).

On June 9, 1997, Abisia moved for Stay of his Sentence Pending Appeal. On June 11, 1997, designated Judge Frances Tydingco-Gatewood issued her Order Re: Stay of Sentence of Imprisonment Pending Resolution of Appeal. (Excerpt "00047") On June 17, the government filed an Opposition to the Stay. (Excerpt "00048") And, on June 26, Judge John S. Unpingco issued an Order Denying the Stay, but did not address the June 11, 1997 Order granting the same. (Excerpt "00051").

Abisia entered the custody of the Bureau of Prisons on June 27, 1997. He is currently incarcerated in Big Spring, Texas.

### STATEMENT OF FACTS

Rolando M. Abisia was on Guam arrested on October 8, 1996 and charged with Conspiracy to Distribute Crystal Methamphetamine, or "ice."

-3-

Abisia met with his court appointed attorney at approximately 11:00 a.m. that day, and signed his plea agreement at 3:00 p.m. (Abisia Declaration of October 10, 1996, page 1, CR 10). Abisia appeared with counsel before the Honorable John S. Unpingco in US District Court on Guam the next day, October 9, 1996. The Court accepted the guilty plea and remanded Abisia to the custody of the F.B.I. so he could cooperate in an ongoing federal drug trafficking investigation pursuant to his plea agreement. (CR 7).

On October 10, 1996, Abisia filed his first Motion to Withdraw his Plea of Guilty. (CR 8). He claimed he had not had sufficient time to consider his plea, and that he was pressured by federal agents. He also claimed that he did not fully understand the nature and extent of the cooperation required of him. (CR 10). On October 15, 1996, Defendant withdrew his Motion to Withdraw his Plea. (CR 18).

While in F.B.I. custody, Abisia set up a meeting with one of the drug suppliers active on Guam, and made a controlled "buy" monitored by the federal agents, Abisia knew the supplier only as "Dennis," but after the agents arrested "Dennis," they discovered his real name is "Miranda."

On October 30, 1996, Abisia testified for several hours before a federal grand jury, detailing his activities in drug trafficking, and naming accomplices. The portions of transcript from Abisia total 112 pages, and his testimony was crucial to the Indictment of Miranda and others.

Abisia retained another attorney, who appeared in December, 1996, and who filed for Abisia on January 17, 1996 his second Motion to Withdraw his Guilty Plea. (CR 25). The government opposed both Motions, arguing that Abisia should be required to abide by the agreement.

-4-

(CR 15 , CR 30).

Abisia retained the undersigned counsel, who appeared with him on March 14, 1997, and informed the Court that Abisia would abide by the guilty plea. The government did not object and the Court permitted Abisia to again withdraw his motion. (CR 34).

The Pre-Sentence Report dated April 8, 1997, mimicked the details of the plea agreement, which stated that the government would recommend the minimum term of ten years under the guidelines if Abisia provided full and truthful cooperation. The agreement also stated that, should Abisia's cooperation meet the level of substantial assistance, the government agreed to move the Court for a downward departure from the statutory minimum sentence. (PSR, Excerpt "00024" p. 11, paragraph 60, p. 13, paragraph 72).

The government responded to the Pre-Sentence Report by adopting it. (CR 38).

At the sentencing hearing, however, the government refused to recommend the minimum term of incarceration under the guidelines. The government justified its refusal by claiming that Abisia was not truthful in his grand jury testimony because he stated that he "was set up" by someone. The government also claimed that Abisia refused and failed to fully cooperate because he moved to withdraw his guilty plea twice.

The government also failed to move for downward departure under the plea agreement. Abisia objected to the government's failure to abide by the plea agreement. The Court stated that it found that defendant provided substantial assistance, yet his role in the offense warranted 360 months incarceration. (Transcript of Sentencing, p 26, 27).

A) Throughout the day on October 8, 1996, I was suffering

-5-

severe pain from a stomach condition I have. Partly because of that pain I don't think I was thinking clearly even though I was trying to understand my situation. My pain was obvious to those around me, including this Court, and my condition caused me to repeatedly vomit that day.

B) I did not see the arrest warrant or any of the drug evidence the Government reportedly had in its possession so I did not have the opportunity to discuss much of the evidence against me with my attorney. Accordingly, I had a limited understanding of my case, my defenses or the full nature and extent of my obligation to cooperate with the government under the plea agreement.

C) The federal agents put great pressure on me to plead guilty or else they would go after my family and arrest my wife, which they eventually did anyway. I only met with my lawyer for about one and a half hours (1 ½) between 11:00 a.m. and 3:00 p.m. I signed a plea agreement at about 3:00 p.m.

D) I entered my plea of guilty at about 6:00 p.m. on October 8, 1996, and was then transported to the Alupang Beach Hotel where I was interrogated and spent the night handcuffed to the bed instead of being transported to the Department of Corrections.

E) I wish to withdraw my plea of guilty and assert my constitutional right to a jury trial. I first told Attorney Arriola of my desire to withdraw my plea shortly after entering my plea. I now wish to have a hearing on my new motion for withdrawal of plea.

-6-

F) I did not fully understand the consequences of my pleading
guilty, the possible sentence under the agreement and
the nature and extent of cooperation required of me. I
lacked awareness of the evidence against me or what my
potential defenses were. Despite my actions under duress.

On 10-8-96, after making his plea agreement with AUSA John Glang,
as Mr. Glang told petitioner to go ahead and plead guilty or else he
would see to it that petitioner would be taken off the Island of Guam
and never be allowed to return to his family.

Because of this fear, petitioner plead guilty, as long as they do
not prosecute his wife and John Glang agreed to this first request.

Petitioner later found out that his wife was arrested anyway!

On a date unknown, petitioner was removed from his jail cell and
escorted to the F.B.I. headquarters, and was met there by a F.B.I.
agent Peterson, an under cover police officer, and was placed into the
car petitioner drove on the day of his arrest, transported handcuffed
to a housing area and waited for a man petitioner knew, Fred Leon
Guererro, whom was with his baby son. Then agent Peterson told peti-
tioner he had two choices which was either tag along with them and
help them set up petitioner's supplier that was arriving shortly or
they will take petitioner's baby son away for good.

"By placing the child at great danger," petitioner agreed and stated
that he would not do anything until his wife's family came and got his
child.

Petitioner gave consent that he would testify at a Grand Jury
hearing. John Glang told petitioner "he better testify if he wanted
his wife released." John Glang also told petitioner that she would be
released on Thanksgiving Day.

-7-

On said date, petitioner provided truthful and substantial testimony to the US Government in the form of extensive testimony before a Grand Jury, in the prosecution of other individuals, he also testified to 17 dangerous weapons, that were found in a bag belonging to a John Mendola, and Greg Paulino, as these guns were found on Greg Paulino, who was found sleeping on the road side, and was subsequently arrested with those 17 dangerous weapons.

Petitioner also states that his cooperation with John Glang was substantial, at all periods and time.

However, another Assistant US attorney, Mr. Kondas took over the case and denied that any deals were made with John Glang to his knowledge, this created the stressful and emotional concerns of petitioner, and caused petitioner to again withdraw his guilty plea, as his lawyer at that time stated that the government's evidence on him (the petitioner) was only a traffic violation and taxation case, individually (quote), he was fired some time after this for severe conflict of interest issues.

New counsel for the defense was attained for sentencing and was then appointed for appeal by the Court, a Ms. Sandra Lynch, who wrote me a letter on Nov. 13, 1997. See letter Exhibit A, stating that petitioner would get a 10 year sentence if he cooperated with the Feds; as well as she also stated that there are many people working to testify against petitioner if he went to trial.

At the second Rule 32 hearing, petitioner moved to withdraw his motion for withdrawal of plea agreement, which was granted by the court, and the government did not give any reasons, not to deny the withdrawal motion, nor stated for the record giving notice of their intent to request the maximum sentence, in spite of the petitioner's

-8-

cooperation, whether under duress by the holding of petitioner's youngest baby at the scene of a bust of petitioner's supplier, or at the scene to set up petitioner's supplier, is "government outrageous conduct," ("this conduct is for the court to determine the level of cooperation by the petitioner and the outrageous conduct of the government, placing petitioner's young child's life in danger.") (quotation and remarks requested) self)).

Also petitioner has surrendered over 1 million dollars in assets, forfeitures to the government without contesting the seizures.

However, petitioner only contested a sum of $22,377.83, located in a bank in Hawaii.

Petitioner will now raise his forfeitures to the government to aid this Honorable Court to review petitioner's level of cooperation and of guilt, in the manner of releasing all assets earned during his illegal activities.

Petitioner forfeited as follows:

See Exhibits B1-B33

On October 11th, property was seized by the Federal Bureau of Investigation at Agafa Gumas, Guam, in the violation of the Controlled Substance Act.

1) The property was appraised at $495,380, US currency under Title 21 USC §881, 19 USC §1602-1619 and Title 21 CFR §1316.71-1316.81. Exhibit B1.

2) Fifty-nine pieces of assorted jewelry valued at $21,250.00 under same (said Titles) and codes (CFR). Exhibit B2.

3) $7,640.90 US currency inder same Title 21 USC §§ and 19 USC §, also CFR §. Exhibit B3.

4) Men's Rolex Wristwatch, w/10 diamonds, (ect) worth $10,150.00. See Exhibit B4.

5) Thirty-three pieces of assorted jewelry valued at $16,290.00 seized under the same Title and CFR codes. Exhibit B5.

6) One portable, trailer-mounted generator, valued at $20,000.00. Exhibit B6.

7) Seventy-four pieces of miscellaneous auto parts valued at $39,955.00. Exhibit B7.

8) One night vision scope, model #80063, serial no: SM-D-850110-2. Exhibit B8.

9) 1992 GMC Sportside>VIN NO: 1GTEK14HONZ525665, valued at $10,400. Exhibit B9.

10) 1986 Chev. Corvette>VIN NO: 1G1YY0784G5104584, valued at $9,325. Exhibit B10.

11) 1991 Chev. Camaro>VIN NO: 1G1FP23F7ML191284, valued at $8,775. Exhibit B11.

12) 1995 Ford Mustang>VIN NO: 1FALP42T1SF160224, valued at $14,600. Exhibit B12.

13) 1988 Chev. Corvette>VIN NO: 1G1YY318155108478, valued at $14,000. Exhibit B13.

14) 1991 GMC Sierra>VIN NO: 1GETK4H8MZ520910, valued at $8,225. Exhibit B14.

15) 1995 Pontiac Firebird>VIN NO: 2G2FV22POS2216924, valued at $17,775. Exhibit B15.

16) 1985 Chev. Blazer>VIN NO: 1G8CT18BIF811503, valued at $2,400. Exhibit B16.

17) 1994 Lexus GS 300>VIN NO: JT8JS47E2R0084065, valued at $28,450. Exhibit B17.

18) 1987 Porsche 911>VIN NO: WPOA130914HS120913, valued at $20,950. Exhibit B18.

19) 1995 Mitsubishi 3000 GT>VIN NO: JA3AM54J5SY003276, valued at $21,700. Exhibit B19.

20) 1994 Mitsubishi 3000 GT>VIN NO: JA3AM64J3RY012056, valued at $18,525. Exhibit B20.

21) 1990 Nissan 300 ZX>VIN NO: JN1RZ24A8LX018045, valued at $11,875. Exhibit B21.

22) 1993 Nissan Pickup>VIN NO: JN65D16SOPX42160, valued at $8,300. Exhibit B22.

-10-

23) 1996 Nissan 240 SX>VIN NO: JN1AS44D7TW051258, valued at $22,996. Exhibit B23.

24) 1990 Nissan Pickup>VIN NO: JN6SD11SXL400126, valued at $4,325. Exhibit B24.

25) 1990 Toyota Celica>VIN NO: JT2AT86FXL0030917, valued at $5,475. Exhibit B25.

26) 1989 Toyota Corolla>VIN NO: JT2AE98CXK3184012, valued at $4,925. Exhibit B26.

27) 1987 Toyota Van>VIN NO: JT4YR28V1H043636, valued at $1,675. Exhibit B27.

28) 1989 Toyota HI-LUX>VIN NO: JT4RN93D4K5002058, valued at $5,025. Exhibit B28.

29) 1990 Toyota HI-LUX>VIN NO: JT4RN01P3L7020498, valued at $6,850. Exhibit B29.

30) 1985 Harley Davidson>VIN NO: 1HD1BHL16FY020599, valued at $6,800. Exhibit B30.

31) 1995 Blue/Yellow Yamaha>VIN NO: JYA4ESW08SA026876, valued at $3,295. Exhibit B31.

32) 1995 Blue Yamaha Badger All Terrain Vehicle Bearing Engine No: 4EM-059291, Frame/VIN NO: unknown. Exhibit B32.

33) 1995 Pink Yamaha Blaster 4-Wheeler>VIN NO: JY43JMA09S-A183684, valued at $3,995. Exhibit B33.

34) Miscellaneous Electronic Equipment appraised at $3,100. Exhibit B34.

35) FOIA, Forfeiture (Investigation Report). Exhibit B35.

Petitioner has forfeited all of these assets, without contest, this must be deemed voluntary of own free will, because petitioner could have put the government through various burdens and pains to defend its seizures in a civil proceeding, at the cost of the government, but elected to fully cooperate.

In petitioner's plea agreement, Rule 11 (e)(1)(B), he waived indictment and plead to the criminal information, again saving the government time and the court's resources.

Petitioner plead to 3000 grams of crystal meth., a.k.a. "ice," in violation of 21 USC §841 and §846, he testified truthfully to the Grand Jury, and aided the government in setting up his supplier.

At sentencing, the government did not move for the 5K1 departure, nor recommended a lower sentence to the Honorable Court, by doing such the government breached the plea agreement at pg. #3-4, paragraph (#5), by not moving for the downward departure. See Exhibit (C) plea agreement.

Whereby the basic facts of this case is simple. The government misrepresented its intentions in order to get the conviction and a lengthy sentence in a highly publicized case in the Territory of Guam. The government entered into an agreement, then intentionally breached it, without notice to defense counsel and petitioner, the government's motive was vengeance which exhibited bad faith of unconstitutional actions, by keeping its true intentions hidden until sentencing, when petitioner would be defenseless to refute their allegations of untruthfullness, to deny petitioner a sentence of 10 years which was the essence of a promise to someone, as counselor Lynch stated in her letter.

The course of the government assistant attorney's office in Guam depecage demeanor to the petitioner's cooperation, in regard for a much harsher sentence to gain public image for itself.

It is now for this Honorable Court to obligate itself and correct the blatant injustice against petitioner, and remand this case for re-sentencing under F.R. Crim. P. Rule 35, and grant petitioner his well earned 10 year sentence.

Standard of Review:

The District Court's interpretation and construction of a plea agreement is reviewed for clear error, see US v. Ajugwo, 82 F3d. 925, 928 (9th Cir. 1996).

A factual finding regarding the terms of the plea agreement is also reviewed for clear error. See id.

Whether the government breached a plea agreement is reviewed de

novo, see US v. Fisch, 863 F2d. 690 (9th Cir. 1988), and whether language in a plea agreement is ambiguous is subject to a de novo review, see US v. Anderson, 970 F2d. 602, 606 (9th Cir. 1992) amended 990 F2d. 1163 (9th Cir. 1993).

**ARGUMENT I:**

**Whether the government breached the plea agreement by not filing motion for downward departure for petitioner's substantial assistance.**

Petitioner states and clarifies this proceeding to his substantial assistance voluntarily to prosecute his supplier of crystal meth. also known as "ice."

SUBSTANTIAL ASSISTANCE

"on a date unknown at this time petitioner was removed from his jail cell and escorted to the F.B.I. headquarters, and was met by an agent (F.B.I.) Mr. Peterson, and an undercover police officer.

Petitioner was placed into the automobile he was arrested in the day of his arrest, petitioner was transported handcuffed to a housing area and waited for a man known to him as Fred Leon Guerero, who had taken petitioner's youngest child from the mother-in-law's house, and brought him to the scene of a potential bust, (a dangerous place), a place where the meeting of his supplier was to be met.

Agent Peterson stated strictly to petitioner "you have two choices, you tag along with them and set up his supplier or they will take petitioner's baby boy away for good, as the supplier would be arriving soon.

Petitioner stated that he would not do anything until his wife's family came and got his baby. Id.

Petitioner also testified at the Grand Jury hearing to prosecute his supplier, as well as giving substantial information pertaining to 17 weapons, belonging to John Mendola, and Greg Paulino, whom was arrested and prosecuted by the Federal authorities." Id.

-13-

Petitioner made several agreements with John Glang, as well as Kondas Asst. US Attorneys, pertaining to his full cooperation, which was substantial because there was convictions of those prosecuted, and forfeitures.

Petitioner also made uncontested consent to over one million dollars in currency and assets were all forfeited by petitioner, in agreement of the plea agreement by John Glang and Mr. Kondas Asst. US Attorney Office of Guam.

A plea agreement is a contract, US v. Anderson, 970 F2d. 602, 606 (9th Cir. 1992) (citing US v. Keller, 902 F2d. 1391, 1393 (9th Cir. 1990)) [A]ny dispute over the terms of the contract will be determined by objective standards. US v. Goroza, 941 F2d. 905, 909 (9th Cir. 1991) (citing US v. Reed, 778 F2d. 1437, 1441 (9th Cir. 1985)) cert. denied (1986) 479 US 835, 93 Led. 2d. 75, 107 S.Ct. 131.

Issues concerning the interpretation and enforcement of plea agreements are issues of Law reviewed de novo. US v. Coleman, 895 F2d. 501, 505 (8th Cir. 1990). A plea agreement is more than merely a contract between two parties, however, and must be attended by con-stitutional safeguards to ensure a defendant receives the performance he is due. US v. Thournout, 100 F3d. 590 (8th Cir. 1996) (citing from US v. Britt, 917 F2d. 353, 359 (8th Cir. 1990).

[]. . ."when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. Santabello v. New York, 404 US at 262, 30 Led. 2d. at 433. (quotation and citation marks requested) self)).

In exchange for some perceived benefit, defendants waive several of their constitutional rights (including the right to trial) and grant

-14-

the government numerous "tangible benefits, such as promptly imposed
punishment without the expenditure of prosecutorial resources," id.
St. Cyr, 150 Led. 2d. at 375, 533 US at 322, 121 S.Ct. 2271 (2001).

In US v. Gaither, 245 F3d. 1064 (9th Cir. 2001) at FOOT NOTE #20
(quoting Anderson, 993 F2d. at 1438 (9th Cir. 1986))(internal quotations
omitted) ("[S]tatement made by a criminal defendant contemporaneously
with his plea should be accorded great weight because solemn declara-
tions made in open court, a strong presumption of validity").  Id.
("[A]mong the constitutional safeguards is the due process requirement
that 'when a plea rests in any significant degree on a promise or
agreement of the prosecutor. . .such promise must be fulfilled,'"
Santabello supra, 404 US 257, 92 S.Ct. 495.  (Quotations, marks, and
citations requested) self)).

In this case at bar, the petitioner not only cooperated voluntarily
several times under duress, but completed all tasks required by the
F.B.I. and US Attorneys, Glang and Kondas, as provided in plea agree-
ment paragraphs #2 and #3.

"At sentencing the government would move and recommend that the
petitioner receive the minimum term of imprisonment, by the sentencing
guidelines," id at (CR 3, pages 2 and 3).  Yet at sentencing, the
Asst. US Attorney, Mr. Kondas, declined to honor its promise, and
moved for the high end of the sentencing guidelines, by introducing
allegations of untruthfulness of petitioner's duress, encounter, at
the scene of the bust of his supplier, and the danger of his baby boy
being present at that "(to be crime scene)", the government did not
only breach its promise, it was outrageous government conduct, to
introduce such to the court, and not giving the court the entire
truthfulness of the whole "Quantum leap," and alleging that the peti-

-15-

tioner refused to abide by the stipulations of the plea agreement, in spite of what the record shows, what petitioner had done at the "Grand Jury Testimony," and on the day with Fred Leon Guerero, whether or not under duress, it was done to the asking of the agents involved. (Quotations and citations requested) self)). E.g. see De La Fuente, 8 F3d. 1333, 1337 (9th Cir. 1993). See also Mabry v. Johnson, 467 US 504, 104 S.Ct. 2543, 81 Led. 2d. 487 (1984). "(**Petitioner in this case at bar states this case is not a case as of Matney v. Stewart, 2 Fed. Appx. 742 (9th Cir. 2001), here in this case there was a promise, and it was not delivered by the government at the sentencing hearing)."**

In US v. Clark, 218 F3d. 1092 (9th Cir. 2000), "In construing the terms of an agreement and the parties' obligations under it, the courts generally employ traditional contract principles," G. Nicholas Herman, Plea Bargaining, §10:04, at 190 (1997).

In the second stance of G. Nicholas Herman holding "with respect to federal prosecutions. . . .the defendant's individual constitutional rights - to concerns for the "honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." [This means that] both constitutional and supervisory concerns require holding the government to a greater degree of responsibility than the defendant (or possibly than would be either of the parties to commercial contracts) for imprecisions or ambiguities in a plea agreements. . . . This is particularly appropriate where as would usually be the case, the government has proffered the terms or prepared a written agreement for the same reason that dictates that approach in interpretating private contracts.

5 Wayne R. Lafave, Jerold H. Israel & Nancy J. King, Criminal

Procedure, §21.2 (d), at 57 (2d. ed. 1999) (quoting US v. Harvey, 791 F2d. 294 (4th Cir. 1986).

"after we have examined the extrinsic evidence, we still find ambiguity regarding what the parties reasonably understood to be the terms of the agreement, then the government 'ordinarily must bear responsibility for any lack of clarity,'" De La Fuente supra at 1337, (quoting Packwood, 848 F2d. 1009, 1011 (9th Cir. 1988)). "Construing ambiguities in favor of the defendant makes sense in light of the parties respective bargaining power and expertise." Id.

Petitioner cites in this instant case the demeanor of the recommendation, the prosecutor contradicts that recommendation with statements indicating a preference for a harsher sentence, by "altering" its "recommendation." See Johnson, 187 F3d. at 1135.

"Because the prosecutor's comments did not provide the district judge with any new information or correct any factual inaccuracies, the comments could have been made only for one purpose: "to influence the district court to impose a harsher sentence than that suggested by appellant's counsel," id. at Mondragon, 228 F3d. 978, 980 (9th Cir. 2000).

As it has been held in US v. Timbana, 222 F3d. 688 (9th Cir. 2000), Fed. Rule of Crim. Proc., 11 (f) says that "the court should not enter a judgement upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Id.

Moreso, "A good way to get a reliable plea is to ask the defendant under oath pursuant to Fed. Rule Crim. Proc., 11 (c)(5), what he did.

The Supreme Court has endorsed this technique." Id. at 709.

Petitioner argues specific performance of his plea agreement, a remedy which can be accorded whether by 28 USC §2255, or Rule 35 (b)

-17-

of the Federal Rules for Criminal Procedure. (As in force prior to November 1, 1987). See US v. Carbone, 739 F2d. 45, 45 (2d. Cir. 1984) (Petitioner will use F. R. Crim. Proc. Rule 35 (b)).

It has long been acknowledged that "when a plea rests in any significant degree on a promise or agreement of the prosecution, so that it can be said to be part of the inducement or considered, such promise must be fulfilled," Santobello v. New York, 404 US 257, 262 (1971)[1]. Accord US v. Ammirato, 670 F2d. 552, 554-55 (5th Cir. Unit B 1982); Bryan v. US, 492 f2d. 775, 778 (5th Cir.)(en banc), Cert. Denied, 419 US 1079 (1974); US v. Crusco, 536 F2d. 21, 26 (3d Cir. 1976) (Santobello requires "strict adherence" by the government of any promise it makes in connection with a plea bargain). Fulfillment of such a promise may be accomplished by ordering specific performance therof. United States v. Grandenette, 564 F2d. 723, 727 (5th Cir. 1997); Brunelle v. US, 864 F2d. 64 (8th Cir. 1979); US v. Brody, 808 F2d. 944, 948 (2d Cir. 1986); US v. Fisch, 863 F2d. 690 (9th Cir. 1988); US v. Partida-Parra, 859 F2d. 629, 633 (9th Cir. 1988); US v. Garnett, 691 F. Supp. 966, 972 (N.D. W. Wa., 1988). Where the breach of plea agreement "was a failure by the prosecutor to carry out a promise which was fulfillable, then certainly the defendant's request for 'specific performance should be honored.'" US v. Partida-Parra supra, quoting 2 W. Lafave & J. Israel, Criminal Procedure, §20.2,

---

FOOTNOTE 1:
    This is equally so, if the breach occurs in connection with a request for reduction, pursuant to Rule 35, Federal Rules of Criminal Procedure, see US v. Ewing, 480 F2d. 1141 (5th Cir. 1973); US v. Garnett, 691 F. Supp. 969, 972 (N.D. W. Wa., 1988) ("It is reasonable to assume that when the defendant entered his guilty plea, he did so in the expectation that the benefits of the Government's promise would be available throughout the proceedings until final disposition," including Rule 35 Proceedings.)

Case 1:04-cv-00047   Document 1   Filed 11/10/2004   Page 19 of 31

at 599 (1984).

Here, the plea agreement calls for the filling of a USSG §5K1.1 Motion.

"That a breach of the agreement was inadvertent does not lessen its impact." Santobello supra, 402 US at 262. Indeed, due process is violated when a defendant is sentenced "on the basis of invalid promises." US v. Espinoza, 481 F2d. 553, 555 (5th Cir. 1973); accord, US v. Hodges, 556 F2d. 366 (5th Cir. 1977). Whether or not the terms of a plea agreement are also breached.[2]

As a result, we emphasize here that the law requires the government to be an advocate on behalf of the defendant in a plea agreement. US v. Grandinetti, 564 F2d. 723, 726 and 727 (5th Cir. 1977) (Vacating sentence and remanding case for sentencing before a different Judge, "at which proceeding the Government's Attorney is expected to be an advocate for the sentence set forth in the plea agreement," where. . . although the prosecutor agreed at sentencing that he was bound to make the specific recommendation for a concurrent sentence as set forth in the plea agerrment, he also advised the Court of his objection to the terms of the agreement reached.) See also US v. Fisch supra; (vacating and remanding plea for resentencing, where Government did not fulfill its promise to inform the Sentencing Court of Defendant's cooperation with authorities, when the prosecution merely acknowledged that the

---

FOOTNOTE 2:
    Indeed, whether the sentencing Court was influenced by the Government's breach or not is actually immaterial. Santobello v. New York, 404 US 257, 262 (1971); US v. Carbone, 739 F2d. 45, 47-48 (2d Cir. 1984); US v. Crusco, 536 F2d. 21, 26 (3d Cir. 1976).
    As the Fourth Circuit explained in US v. Harvey, 791 F2d. 294, 300-301 (4th Cir. 1986): "[T]he defendant's underlying 'contract' right is constitutionally based and therefore reflects concerns that differ fundamentally from and run wider than those of commercial law. See Mabry v. Johnson, 467 US 504 at 509 (1984), 104 S.Ct. at 2548 (Broken Government promises that induce guilty plea implicates due

defendant "ha[d] been cooperating in helping prosecute the co-conspri-rators . . ." but has not supplied "any details about [defendant's] cooperation.")

More than mere concepts to contract law attend the government's obligation to strictly adhere to its promises in a plea agreement. See US v. Crusco, 536 F2d. 21 (3d Cir. 1976) (Nothing, in dicta, that the government cannot justify comments upon a defendant's character, during sentencing pursuant to a plea agreement in which it agreed to stand mute, because of the defense attorney's comments in mitigation, since such amounted to a "Transparent effort to influence the severity of [defendant's] sentence," and "a strict and narrow interpretation of this commitment is untenable." Id. at 26).

"Promises resulting from the negotiation of plea agreement, whether directly or indirectly made, must be fulfilled to their fullest extent in furtherance of fair and proper administration of Justice," US v. Avery, 521 F2d. 214 (5th Cir. 1980).

Thus petitioner respectfully expects that the government will not only agree that its inadvertent inaccuracy be corrected, but that

---

FOOTNOTE 2 Cont.:
process clause because it impairs voluntariness, and intelligence of plea). Second; with respect to federal prosecution of the Court's concerns run even wider than protection of the defendant's individual constitutional rights -- to concerns for the "Honor of the Government, public confidence in the fair administration of Justice, and the effective administration of Justice in a federal scheme of government." US v. Carter, 454 F2d. 426, 428 (4th Cir. 1972).

* * *

[B]oth constitutional and supervisory concerns require holding the Government to a greater degree of responsibility then the defend-ant (or possibly than would be either of the parties to commercial contract) for imprecisions or ambiguities in plea agreements. See e.g. US v. Bowler, 585 F2d. 851, 854 (7th Cir. 1978) (Plea agreement to appropriate context for "rigidly literal" construction of language); US v. Crusco, 536 F2d. 21, 26 (3d Cir. 1976) (Government's "Strict and narrow interpretation of its commitment. . .untenable"); Correale v. US, 479 F2d. 944, 947 (1st Cir. 1973) ("Government held to meticulous standards of both promise and performance.")

it will earnestly observe its responsibility to advise this Honorable Court of the terms and full context and implications of Movant's plea agreement with the Government.

## THE DEFENDANT KEPT HIS PART OF THE BARGAIN

As a result of Abisia's cooperation, the supplier was indicted and convicted. Abisia expected that his cooperation would in turn entitle him to a lesser sentence than that established by the federal sentencing guidelines. His expectation was based on the terms of the plea agreement itself.

Paragraph 5 of the plea agreement provides, in part that:

> [I]f defendant cooperates as set forth in paragraphs 2, 3, and 4, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines, . . . The Government may move for a downward departure if the defendant renders substantial assistance pursuant to Section 5K1.1. . .

Paragraph 2 required defendant to cooperate with federal agents, including testifying before any grand juries or trials. In exchange, the government was required to make the defendant's cooperation known to the Court prior to sentencing. The government also agreed not to prosecute defendant for any non-violent federal offenses known or revealed during his cooperation.

In paragraph 3 of the plea agreement, Abisia agreed that "any and all assets" acquired or obtained as adirect or indirect result of drug trafficking or used to facilitate such activity would be surrendered to the United States.

Abisia gave up his rights to a trial, waived any right to appeal or attack his conviction, and waived any rights to a speedy sentencing. He was therefore entitled to enforcement of the plea agreement.

Defendant got nothing that he bargained for. The government's agreement led Abisia to believe he was facing ten years or less, once it made the promised motions. As with other contracts, provisions of plea agreements are occasionally ambiguous; the government "ordinarily must bear responsibility for any lack of clarity." De La Fuente, 8 F3d. at 1338, citing from United States v. Anderson, 970 F2d. 602 (9th Cir. 1992), amended 990 F2d. 1163 (1993); United States v. Read, 778 F2d. 1437, 1441 (9th Cir. 1985).

Construing ambiguities in favor of the defendant makes sense in light of the parties respective bargaining power and expertise. De La Fuente, at 1338.

Notwithstanding the specific promise that the Government would recommend that Mr. Abisia receive the minumum term of incarceration recommended by the Sentencing Guidelines, at the sentencing hearing the Assistant United States Attorney who prosecuted the case twice breached the agreement. First, he failed at all to recommend that Mr. Abisia serve the minimum sentence under the Guidelines. (TR., p. 24). Second, he failed to move for a downward departure from the Guidelines, arguing that Mr. Abisia had "not been truthful" in his cooperation. (TR., at pp. 24-25). Specifically, the government cited the two instances wherein Mr. Abisia moved to withdraw his plea agreement, and cited one sentence from the voluminous transcript of Mr. Abisia's grand jury testimony. (TR., p. 23).

At no time did the government give notice to Mr. Abisia or his counsel that it did not intend to recommend the minimum sentence under the Guidelines, that it did not intend to move for a downward departure under the Guidelines, or that it took issue with any portion of Abisia's grand jury testimony. In fact, the Grand Jury Transcript indicates no instance where the government challenges any of the

testimony as untruthful.

At the sentencing hearing, the government put on no witnesses who could attest to the untruthfulness of Mr. Abisia. Nor did the government show that Abisia's cooperation[3] in setting up and carrying out a controlled buy which netted the arrest of Miranda was in any way negated by any subsequent attempts to withdraw his guilty plea, or by any "non-cooperation" from Abisia.

## THE CURE IS REMAND FOR RESENTENCING BEFORE A NEW JUDGE

The fact that the government's recommendation would not have bound the Court below does not excuse the government's breach. United States v. Thournout, 100 F3d. at 596. There are two potential remedies for the government's breach of a plea agreement: remand for specific performance and withdrawal of the guilty plea. Specific performance is the preferred remedy. Margalli-Olvera v. INS, 43 F3d at 354-55. Here specific performance means that the defendant gets what he bargained for--a sentence of ten years, the minimum range under the guidelines, and a motion for downward departure from the minumum sentence.

When the Government has failed to keep its plea agreement promise as to a sentence recommendation, the appropriate remedy is for the judgment to be vacated and the case remanded for specific performance of the agreement as promised or that the defendant to be permitted to withdraw his plea. Santobello, (1971), 404 US 257, 263, 30 Led. 2d. 427, 433, 92 S.Ct. 495. Here, however, the government has vigorously opposed defendant's withdrawal of his plea. (CR 15 and 30).

---

**FOOTNOTE 3:**
Unlike general descriptions of a defendant's culpability or cooperation, "suggestions" or "positions" on the applicability of certain guidelines, enhancements, and departures translate directly into a range of numerical figures representing lengths of prison stay. [Emphsis supplied] Such a violation, the court said, is "plain error." (Remarks and quotes requested) self.))

Unlike other circuits, the Ninth Circuit has not consistently interpreted Santobello to require that a case remanded for resentencing be set before a different judge. The Ninth Circuit's leading case on the issue was authored by the Honorable Alfred T. Goodwin. In United States v. Arnett, (9th Cir. 1979), 628 F2d. 1162, reh'g denied.

The constant theme running through all of the cases that reuqire the employment of a new judge for resentencing is the unequivocal directive of Santobello: if specific performance is the appropriate remedy, "petitioner should be resentenced by a different judge." Santobello v. New York, 404 US at 263, 30 Led. 2d at 433. When the Santobello rule is applied to the facts of this case, it is conclusive that the matter should be remanded for resentencing before a different judge.

Because specific performance of the plea bargain is considered a "lesser relief" than permitting a defendant to withdraw his guilty plea, it is the more favored of the two options outlined in Santobello. United States v. Travis, (9th Cir. 1984), 735 F2d. 1129, 1132 ("where the government violates a plea agreement at sentencing, the usual remedy is a remand for resentencing.

## CONCLUSION

The government breached its plea agreement with the defendant, Rolando Abisia, by failing to recommend the minimum sentence of ten years under the Sentencing Guidelines. It further breached the agreement by failing to move for a downward departure from the Guidelines as it had promised to do if Abisia cooperated with it. Abisia's co-operation was substantial and netted the prosecutor a major drug supplier on Guam. Abisia also testified at a federal Grand Jury and

-24-

detailed accomplices and their activities over a number of years. Although the Court recognized that Abisia cooperated with the government, the Court took the government attorney's word for the "untruthfulness" of the defendant, and sentenced him to thirty years.

## SUMMARY STATEMENTS

Section 6A1.3 of the USSG; "Resolution of disputed factors," sets forth the procedure for the proper resolution of sentencing disputes. The Commentary to Chapter Six of the USSG states in its first paragraph:

> "In pre-guidelines practice, factors relevant to sentencing were often determined in an informal fashion. The informality was to some extent explained by the fact that particular offense and offender characteristics rarely had a highly specific or required sentencing consequence. This situation will no longer exist under sentencing guidelines. The Court's resolution of disputed sentencing factors will usually have a measurable effect on the applicable punishment. More formality is therefore unavoidable if the sentencing process is to be accurate and fair. Although lengthy sentencing hearings should seldom be necessary, disputes about sentencing factors must be resolved with care. When a reasonable dispute exists about any factor important to the sentencing determination, the Court must ensure that the parties have an adequate opportunity to present relevant information. Written statements of counsel, or affidavits of witnesses, may be adequate under many circumstances.
> An evidentiary hearing may sometimes be the only reliable way to resolve disputed issues." See US v. Fatico, 603 F2d. 1053, 1057 N. 9 (2d Cir. 1079) Cert. Denied 444 US 1073 (1980) (Emphasis ours).

## PRAYER

Therefore, premises considered that the Honorable Court grants the requested relief and prays that the Court order the Government to file Rule 35 (b) and USSG §5K1.1 by enforcing his plea agreement. **MAY IT SO BE ORDERED.**

This date: *July 01, 2004*

-25-

Respectfully Submitted

Rolando M. Abisia
USM #01292-093
F.C.I. Big Spring
1900 Simler Ave.
Big Spring, TX 79720

-26-

## CERTIFICATE OF SERVICE

I declare that under the penalty of perjury, I have placed one copy of this legal acumen, F.R. Crim. P. Rule 35 (b), first class, postage pre-paid to US District Court for the District of Guam, also four copies and one copy marked inmate's copy for stamped file, and one copy to Mr. Kondas, Suite 502 A. PNB, Agana, Guam 96910.

This is true and correct pursuant to 28 USC §1746.

Submitted By

Rolando M. Abisia

LAW OFFICES OF

**CARBULLIDO BORDALLO & BROOKS LLP**

C & A Building, Suite 101
251 Martyr Street
Agana, Guam 96910

F. PHILIP CARBULLIDO
OLIVER W. BORDALLO
TERRENCE M. BROOKS

SANDRA D. LYNCH
CYNTHIA V. ECUBE
SCOTT W. JOHANSEN
PHILLIP J. TYDINGCO

TELEPHONE: (671) 472-6848
TELECOPIER: (671) 477-5790
(671) 477-2915
E-mail: cbblawguam@netpci.com

## CONFIDENTIAL ATTORNEY CLIENT PRIVILEGE INFORMATION

November 13, 1997

Roland M. Abisia
01292-093 Navajo A.
37910 N. 45th Avenue, Dept. 1700
Phoenix, AZ 85027-7055

Dear Roland:

I received your letter in October. It has been awhile since your sister has been in or called. I guess she is embarrassed about the money situation. Please let her know that it is nothing to be embarrassed about. We knew this was going to be an expensive appeal. Because of your financial constraints, and the fact that your family could not pay my fees, I requested appointment as your attorney from the Ninth Circuit Court of Appeals for your case. Enclosed is the appointment letter. This means that the Court will pay for the appeal, including my travel for the oral argument.

As I explained to you before, the appeal is not of the conviction, since you accepted the blame in your guilty plea. The appeal is of the sentence. We are arguing that you are entitled to a lesser sentence for your cooperation with the feds. However, your cooperation was not even material to them, according to the U.S. attorney. Remember that they argued that they did not have to honor the plea agreement because you refused to testify against anyone, and they argued that you refused to cooperate and lied to the grand jury. They had another person who brought down the supplier known as Dennis, and that other person was Fred Leon Guerrero. The newspaper story was a cover for Fred to continue to do business so that the government could try to use him to get at the importers who took over when Dennis got arrested. Dennis also pleaded guilty! I am not sure how anyone could believe that you were the person responsible for his conviction, or his downfall, when he pleaded guilty, and Fred Leon Guerrero for some reason has never spent one day in prison! Remember, too, that there were seven people willing to testify against you. One of the people had a list you had made out, which gave names and amounts owed and paid. From that list, at least three were willing to take you down.

And, whether you like to believe it or not, Sandra gave them your name back in 1994. She willingly told the feds that you were her connection!

There was also a babysitter who knew you and Sandra, two runners, and Fred, all waiting to talk so they could get a lesser sentence for the same thing. You were cornered. You had Sandra, and five kids to think about. Why on earth would you risk not ever seeing them again, if you got a life sentence from a jury, rather than cooperating with the feds on people who already ratted you out, by confirming that those same rats were working with you, and thereby getting a ten year sentence? If the government had kept its word, you would have already spent one year of the sentence since your arrest. You would get to know your kids, in about 8 years, with good behavior, maybe less. If you had taken a chance by going to trial, you were facing a possible life sentence. No one in your position could say they would have done it differently. You were duped by the government, you were made promises they did not keep, and in the end, they threw back in your face that you had no usefulness to them after all! Why? Because they had already gotten what they wanted. You agreed to let them take your cars, your money, and your jewelry. You agreed not to go to trial, and you agreed that if it came to your word against the supplier's, you would take the stand against him. Anyone who challenges your choice should first think what they would do with five little kids who might not get to know their dad, and might not see their mom for 7 years! I think that if they can be honest with themselves and say it out loud, they would push each other out of line to try to help the government!

I am not sure how to help you with the problem of anyone reading a newspaper and relying on it as truth. We all know that newspaper reporters make up their stories. They get a charge sheet from the police department, and then they go talk to the U.S. Attorney, who of course tells them that they have a "cooperating witness" and that they have a solid case! Your case was doomed from the beginning, because people like Fred Leon Guerrero were ratting out everyone, setting up everyone, and then hoping for a good deal through a plea bargain. It would not surprise me to learn that the person who is hassling you got there by way of a plea bargain, meaning he also agreed to cooperate against someone implicated with him! How is anyone else there supposed to know which one of you did or did not take a plea agreement? How can anyone else know if he did or not? This kind of bully was a bully outside and continues to be a bully inside. You can't change that. What you can do is steer clear, keep your head down, work as much as they will let you, go to classes, make things. Stay clean and on your best behavior.

If the Ninth Circuit overturns your sentence, they will transfer you back to Guam for a new hearing on sentencing. That means that you would be flown back here probably a couple of days prior to the hearing, then housed in the same federal detention area as before, though probably not with the same restrictions. After the sentencing hearing, you would await transfer

back to any federal facility where they have an opening. Your current detention order would be vacated by the Ninth Circuit's decision to overturn your sentence. I simply cannot promise you, though, that they wouldn't return you to the same place.

I will let your family and you know as soon as the Court sets the argument schedule. Then, after we get the decision, you will get a copy if you want it. I will give copies of the appeal briefs to your family if they want them. I will not send you copies unless you want.

Sincerely,

SANDRA D. LYNCH, Esq.

 

**U.S. Department of Justice**

Federal Bureau of Investigation

<u>EXHIBIT B:1</u>

Washington, D.C. 20535
November 27, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O JAY ARRIOLA, ESQ.
259 MARTYR STREET NO. 201
AGANA, GU  96910  Re: 3280-97-F-0005

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT.  The property was appraised at $495,380 and is described as follows:

$495,628.00 in U.S. Currency

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $5,000 with the FBI by January 14, 1997.  The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety.  This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have to post the bond.  To request a waiver of the bond, you must fully disclose your finances in a signed statement called

FBI/DOJ

"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by January 14, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0005 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely, Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:  All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



Ex Hibit B2.

Washington, D.C. 20535
January 14, 1997

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O JAY ARRIOLA, ESQ.
259 MARTYR STREET, NO. 201
AGANA, GU  96910  Re: 3280-97-F-0006

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $21,250 and is described as follows:

Fifty-nine pieces of assorted jewelry valued at $21,250.00, which includes: one ladies Seiko wrist watch with engraved initials C.P.L.G.; one wedding band with "Kuuipo" engraved; and other miscellaneous pendants, watches, rings, bracelets, earrings and necklaces

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $2,125 with the FBI by February 25, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all

RECEIVED
by mail
JAN 22 1997

GAYLE & TEKER

properties specified in those notifications.

If you are indigent (needy and poor), you may not have to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by February 25, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0006 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:  All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.





**U.S. Department of Justice**

Federal Bureau of Investigation

_Washington, D.C. 20535_
November 27, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O JAY ARRIOLA, ESQ.
259 MARTYR STREET, NO 201
AGANA, GU  96910  Re: 3280-97-F-0001

Dear MR. ABISIA:

On October 8, 1996, property was seized by the Federal Bureau of Investigation (FBI) at KAISER, DEDEDO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT.  The property was appraised at $7,640 and is described as follows:

$7,640.90 in U.S. Currency

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $764 with the FBI by January 21, 1997.  The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety.  This bond must equal 10 percent of the appraised value of the seized properties.  However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have to post the bond.  To request a waiver of the bond, you must fully disclose your finances in a signed statement called

FBI/DOJ

"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by January 21, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below. This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property. For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987. The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for
requesting mitigation of the forfeiture are found at 9.5(c). You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0001 has been assigned to
this forfeiture action. Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION: FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE: All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



**U.S. Department of Justice**

Federal Bureau of Investigation

_EXHIBIT B4_

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O JAY ARRIOLA, ESQ.
259 MARTYR STREET, NO. 201
AGANA, GU 96910   Re: 3280-97-F-0002

Dear MR. ABISIA:

On October 8, 1996, property was seized by the Federal Bureau of Investigation (FBI) at KAISER, DEDEDO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $10,1⌵0 and is described as follows:

MAN'S ROLEX ~~WRISTWATCH~~ W/10 DIAMONDS; ~~2 OUNCE~~ GOLD ~~NECKLACE~~; GOLD COIN AND ~~42 DIAMOND PENDANT~~; BRACE LET W/100 SAPHIRES AND 20 DIAMONDS; ~~HORSESHOE SHAPE COLORLESS STONE~~; LADIES COCKTAIL RING W/35 DIAMONDS; MENS CLUSTER 7 DIAMOND RING; ~~MENS GOLD SIGNET INITIAL RING W/"R"~~; OVAL FACETED RING W/5 COLORLESS STONES; ~~DIAMOND CUT EARRING~~; GOLD BANGLE BRACELET "GERI"; GOLD BANGLE HAWAIIN DESIGN BRACE LET "LEON"; DUNHILL GOLD FILLED CIGARETTE LIGHTER

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations:  19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $1,0¹⌵ with the FBI by January 14, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties.

FBI/DOJ

However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by January 14, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0002 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division


NOTE:    All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



U.S. Department of Justice

Federal Bureau of Investigation

## EXHIBIT B5

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O JAY ARRIOLA, ESQ.
259 MARTYR STREET, NO 201
AGANA, GU  96910  Re: 3280-97-F-0027

Dear MR. ABISIA:

On October 16, 1996, property was seized by the Federal Bureau of Investigation (FBI) at DEDEDO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT.  The property was appraised at $16,290 and is described as follows:

Thirty-three pieces of assorted jewelry valued at $16,290.00 which includes: miscellaneous rings, pendants, bracelets, necklaces and earrings.

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations:  19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

### To Contest the Forfeiture
--------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $1,629 with the FBI by February 25, 1997.  The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety.  This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have

RECEIVED
Omai
JAN 2 2 1997
GAYLE & TEKER

to post the bond. To request a waiver of the bond, you must
fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by February 25, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below. This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property. For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987. The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for
requesting mitigation of the forfeiture are found at 9.5(c). You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0027 has been assigned to
this forfeiture action. Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION: FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE: All telephone inquiries should be directed to the aforementioned FBI field division to the attention of the Forfeiture Paralegal Specialist.

**U.S. Department of Justice**

Federal Bureau of Investigation

EXHIBIT- B6

Washington, D.C. 20535
December 16, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O JAY ARRIOLA, ESQ.
259 MARTYR STREET, NO 201
AGANA, GU 96910  Re: 3280-97-F-0025

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $20,000 and is described as follows:

ONE PORTABLE, TRAILER-MOUNTED GENERATOR

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations:  19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
----------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $2,000 with the FBI by January 28, 1997.  The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety.  This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have to post the bond.  To request a waiver of the bond, you must fully disclose you~ f'~~~~~ ~~ ~ ~'~~~~ ~~~~

MR. ROLAND M. ABISIA

"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by January 28, 1997.

                    To Request a Pardon of the Property
                    -----------------------------------

        If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

                    Where to Submit Correspondence
                    ------------------------------

        The seizure number 3280-97-F-0025 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

        Submit all documents to this FBI Field Division:

        HONOLULU DIVISION
        ROOM 4307, KALANIANAOLE FOB
        300 ALA MOANA BLVD.
        HONOLULU, HI 96850
        ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
        808-521-1411

                              Sincerely Yours,

                              Phillip L. Buvia
                              Unit Chief
                              Forfeiture and Seized Property Unit

NOTE:    All telepl
aforementioned FB:
Forfeiture Parale(



U.S. Department of Justice

Federal Bureau of Investigation

*EXHIBIT-B7*

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O JAY ARRIOLA, ESQ.
259 MARTYR STREET, NO 201
AGANA, GU  96910  Re: 3280-97-F-0026

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $39,955 and is described as follows:

Seventy-four pieces of miscellaneous auto parts valued at $39,955.66 which includes: Rims, Tires, Casings, 3/4 Ton Shop Crane; Engine Stand; Proair II Air Compressor and two 350 cubic inch V8 engine Block on pallets.

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $3,995 with the FBI by February 25, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.



RECEIVED
JAN 22 1997
GAYLE & TEKER

MR. ROLAND M. ABISIA

If you are indigent (needy and poor), you may not have to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by February 25, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0026 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:   All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.

EXHIBIT ~ B8.

**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D.C. 20535
January 14, 1997

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0031
INMATE NUMBER: 01292093

Dear MR. ABISIA:                    ( DON'T KNOW NOTHING ABOUT THIS ITEM. )

        On October 11, 1996, property was seized by the Federal
Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for
forfeiture for violation of THE CONTROLLED SUBSTANCES ACT.  The
property was appraised at $1,000 and is described as follows:

        ONE NIGHT VISION SCOPE MODEL 80063 SERIAL NUMBER
        SM-D-850110-2   .

        This forfeiture is being conducted pursuant to Title
21, United States Code (U.S.C.), Section 881 and the following
additional federal laws and regulations:  19 U.S.C., Sections
1602-1619, and Title 21, Code of Federal Regulations (C.F.R.),
Sections 1316.71 - 1316.81.

        You may contest the seizure and forfeiture of this
property and/or petition to the FBI and request a pardon of the
forfeited property.

                    To Contest the Forfeiture
                    -------------------------

        If you want to contest the seizure or forfeiture of the
property in court, you must file a claim of ownership and a bond
in the amount of $250 with the FBI by March 4, 1997.  The bond
may be in cash or a cashier's check payable to the U.S.
Department of Justice or provide a surety.  This bond must equal
10 percent of the appraised value of the seized properties.
However, where there have been multiple seizures from the same
person with the same statutory and legal justification, the
aggregate bond is not to exceed a maximum of $5,000 for all
properties specified in those notifications.

        If you are indigent (needy and poor), you may not have

MR. ROLAND M. ABISLA

to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by March 4, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0031 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION: FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE: All telephone inquiries should be directed to the aforementioned FBI field division to the attention of the Forfeiture Paralegal Specialist.

EXHIBIT-B9

**U.S. Department of Justice**

Federal Bureau of Investigation

*Washington, D.C. 20535*

January 13, 1997

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0030
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On November 13, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGANA, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $10,400 and is described as follows:

1992 GMC SPORTSIDE
VIN NUMBER: 1GTEK14HONZ525665

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $1,040 with the FBI by February 25, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have

MR. ROLAND M. ABISIA

to post the bond. To request a waiver of the bond, you must
fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by February 25, 1997.

### To Request a Pardon of the Property
------------------------------------

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below. This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property. For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987. The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4); and (5). The criteria for
requesting mitigation of the forfeiture are found at 9.5(c). You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence
------------------------------

The seizure number 3280-97-F-0030 has been assigned to
this forfeiture action. Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:   All telephone inquiries should be directed to the aforementioned FBI field division to the attention of the Forfeiture Paralegal Specialist.



**U.S. Department of Justice**

Federal Bureau of Investigation

*EXHIBIT - B 10*

*Washington, D.C. 20535*
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU 96923 Re: 3280-97-F-0023
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $9,325 and is described as follows:

1986 CHEVROLET CORVETTE
VIN NUMBER: 1G1YY0784G5104584

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
--------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $932 with the FBI by January 28, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you ar...

to post the bond.  To request a waiver of the bond, you must
fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by January 28, 1997.

## To Request a Pardon of the Property
------------------------------------

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

## Where to Submit Correspondence
------------------------------

The seizure number 3280-97-F-0023 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:  All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



U.S. Department of Justice

Federal Bureau of Investigation

December 12, 1996
*Washington, D.C. 20535*

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0022
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal
Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for
forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The
property was appraised at $8,775 and is described as follows:

1991 CHEVROLET CAMARO
VIN NUMBER: 1G1FP23F7ML191284

This forfeiture is being conducted pursuant to Title
21, United States Code (U.S.C.), Section 881 and the following
additional federal laws and regulations: 19 U.S.C., Sections
1602-1619, and Title 21, Code of Federal Regulations (C.F.R.),
Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this
property and/or petition to the FBI and request a pardon of the
forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the
property in court, you must file a claim of ownership and a bond
in the amount of $877 with the FBI by January 28, 1997. The bond
may be in cash or a cashier's check payable to the U.S.
Department of Justice or provide a surety. This bond must equal
10 percent of the appraised value of the seized properties.
However, where there have been multiple seizures from the same
person with the same statutory and legal justification, the
aggregate bond is not to exceed a maximum of $5,000 for all
properties specified in those notifications.

If you are indigent (needy and poor) you may not have

MR. ROLAND M. ABISIA

to post the bond.  To request a waiver of the bond, you must
fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by January 28, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0022 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION: FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE: All telephone inquiries should be directed to the aforementioned FBI field division to the attention of the Forfeiture Paralegal Specialist.



3/

**U.S. Department of Justice**

Federal Bureau of Investigation

*Exhibit - B12*

*Washington, D.C. 20535*
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT. OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0020
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $14,600 and is described as follows:

    1995 FORD MUSTANG
    VIN NUMBER: 1FALP42T1SF160224

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

### To Contest the Forfeiture

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $1,460 with the FBI by January 28, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you a~

MR. ROLAND M. ABISIA

to post the bond.  To request a waiver of the bond, you must
fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by January 28, 1997.

### To Request a Pardon of the Property
-------------------------------------

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence
------------------------------

The seizure number 3280-97-F-0020 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:  All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



EXHIBIT-B 13

**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D.C. 20535
January 13, 1997

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O JAY ARRIOLA, ESQ.
259 MARTYR STREET, NO 201
AGANA, GU 96910  Re: 3280-97-F-0008

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $14,000 and is described as follows:

     1988 CHEVROLET CORVETTE
     VIN NUMBER: 1G1YY3181J5108478

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

                    To Contest the Forfeiture
                    -------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $1,400 with the FBI by February 25, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have to post the bond. To request a waiver of the bond, you must

RECEIVED
mail
JAN 2 2 1997



MR. ROLAND M. ABISIA

fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by February 25, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0008 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:  All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



**U.S. Department of Justice**

Federal Bureau of Investigation

*Washington, D.C. 20535*
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0017
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal
Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for
forfeiture for violation of THE CONTROLLED SUBSTANCES ACT.  The
property was appraised at $8,225 and is described as follows:

> 1991 GMC SIERRA
> VIN NUMBER: 1GTE1C14H8M2520910

This forfeiture is being conducted pursuant to Title
21, United States Code (U.S.C.), Section 881 and the following
additional federal laws and regulations:  19 U.S.C., Sections
1602-1619, and Title 21, Code of Federal Regulations (C.F.R.),
Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this
property and/or petition to the FBI and request a pardon of the
forfeited property.

                    To Contest the Forfeiture
                    -------------------------

If you want to contest the seizure or forfeiture of the
property in court, you must file a claim of ownership and a bond
in the amount of $822 with the FBI by January 28, 1997.  The bond
may be in cash or a cashier's check payable to the U.S.
Department of Justice or provide a surety.  This bond must equal
10 percent of the appraised value of the seized properties.
However, where there have been multiple seizures from the same
person with the same statutory and legal justification, the
aggregate bond is not to exceed a maximum of $5,000 for all
properties specified in those notifications.

If you a

to post the bond.  To request a waiver of the bond, you must
fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by January 28, 1997.

### To Request a Pardon of the Property
------------------------------------

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence
-----------------------------

The seizure number 3280-97-F-0017 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division


NOTE:  All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



**U.S. Department of Justice**

Federal Bureau of Investigation

*EXHIBIT-B 15*

*Washington, D.C. 20535*
January 13, 1997

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0004
INMATE NUMBER: 01292093

Dear MR. ABISIA:

    On October 8, 1996, property was seized by the Federal
Bureau of Investigation (FBI) at BARRIGADA, GUAM for forfeiture
for violation of THE CONTROLLED SUBSTANCES ACT.  The property was
appraised at $17,775 and is described as follows:

      1995 PONTIAC FIREBIRD
      VIN NUMBER: 2G2FV22P0S2216924

    This forfeiture is being conducted pursuant to Title
21, United States Code (U.S.C.), Section 881 and the following
additional federal laws and regulations:  19 U.S.C., Sections
1602-1619, and Title 21, Code of Federal Regulations (C.F.R.),
Sections 1316.71 - 1316.81.

    You may contest the seizure and forfeiture of this
property and/or petition to the FBI and request a pardon of the
forfeited property.

       To Contest the Forfeiture
       -------------------------

    If you want to contest the seizure or forfeiture of the
property in court, you must file a claim of ownership and a bond
in the amount of $1,777 with the FBI by February 25, 1997.  The
bond may be in cash or a cashier's check payable to the U.S.
Department of Justice or provide a surety.  This bond must equal
10 percent of the appraised value of the seized properties.
However, where there have been multiple seizures from the same
person with the same statutory and legal justification, the
aggregate bond is not to exceed a maximum of $5,000 for all
properties specified in those notifications.

    If you are indigent (needy and poor), you may not have

FBI/DOJ

to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by February 25, 1997.

### To Request a Pardon of the Property
---------------------------------------

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence
------------------------------

The seizure number 3280-97-F-0004 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

4.

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:  All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.

**EXHIBIT-B16**

**U.S. Department of Justice**

Federal Bureau of Investigation

*Washington, D.C. 20535*
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU 96923  Re: 3280-97-F-0015
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal
Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for
forfeiture for violation of THE CONTROLLED SUBSTANCES ACT.  The
property was appraised at $2,400 and is described as follows:

        1985 CHEVROLET BLAZER
        VIN NUMBER: 1G8CT18B1F8115503

This forfeiture is being conducted pursuant to Title
21, United States Code (U.S.C.), Section 881 and the following
additional federal laws and regulations:  19 U.S.C., Sections
1602-1619, and Title 21, Code of Federal Regulations (C.F.R.),
Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this
property and/or petition to the FBI and request a pardon of the
forfeited property.

                To Contest the Forfeiture
                -------------------------

If you want to contest the seizure or forfeiture of the
property in court, you must file a claim of ownership and a bond
in the amount of $250 with the FBI by January 28, 1997.  The bond
may be in cash or a cashier's check payable to the U.S.
Department of Justice or provide a surety.  This bond must equal
10 percent of the appraised value of the seized properties.
However, where there have been multiple seizures from the same
person with the same statutory and legal justification, the
aggregate bond is not to exceed a maximum of $5,000 for all
properties specified in those notifications.

        If you a

to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by January 28, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0015 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION: FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE: All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



**U.S. Department of Justice**

Federal Bureau of Investigation

*EXHIBIT-B17*

*Washington, D.C. 20535*
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923   Re: 3280-97-F-0021
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT.  The property was appraised at $28,450 and is described as follows:

1994 LEXUS GS 300
VIN NUMBER: JT8JS47E2R0084065

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $2,845 with the FBI by January 28, 1997.  The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety.  This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you ar

to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by January 28, 1997.

## To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

## Where to Submit Correspondence

The seizure number 3280-97-F-0021 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:   All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.

**U.S. Department of Justice**

Federal Bureau of Investigation

*EXHIBIT- B 18*

*Washington, D.C. 20535*
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU 96923  Re: 3280-97-F-0019
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $20,950 and is described as follows:

1987 PORSCHE 911
VIN NUMBER: WPOA130914HS120913

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
----------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $2,095 with the FBI by January 28, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you a

to post the bond.  To request a waiver of the bond, you must
fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by January 28, 1997.

### To Request a Pardon of the Property
------------------------------------

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence
------------------------------

The seizure number 3280-97-F-0019 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division


NOTE:    All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.

**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D.C. 20535

January 13, 1997

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0028
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 16, 1996, property was seized by the Federal Bureau of Investigation (FBI) at DEDEDO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT.  The property was appraised at $21,700 and is described as follows:

1995 MITSUBISHI 3000 GT
VIN NUMBER: JA3AM54J5SY003276

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations:  19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $2,170 with the FBI by February 25, 1997.  The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety.  This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have

to post the bond.  To request a waiver of the bond, you must
fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by February 25, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0028 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:   FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:   All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.

*EXHIBIT B20*

December 12, 1996
Washington, D.C. 20535

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU 96923   Re: 3280-97-F-0016
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $18,525 and is described as follows:

    1994 MITSUBISHI 3000 GT
    VIN NUMBER: JA3AM64J3RY012056

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

                To Contest the Forfeiture
                -------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $1,852 with the FBI by January 28, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you a:

to post the bond.   To request a waiver of the bond, you must
fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by January 28, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.   This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.   For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.   The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).   The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).   You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0016 has been assigned to
this forfeiture action.   Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:  All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.

EXHIBIT-B21

**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D.C. 20535
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT. OF CORRECTION
1 MUSHROOM LANE
MANGLIAO, GU  96923  Re: 3280-97-F-0007
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAN, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $11,875 and is described as follows:

1990 NISSAN 300ZX
VIN NUMBER: JN1RZ24A8LX018045

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations:  19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
--------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $1,187 with the FBI by January 28, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you ar

to post the bond.  To request a waiver of the bond, you must
fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by January 28, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0007 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:  All telephone inquiries should be directed to the aforementioned FBI field division to the attention of the Forfeiture Paralegal Specialist.



**U.S. Department of Justice**

Federal Bureau of Investigation

EXHIBIT - B22

*Washington. D.C. 20535*
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU 96923   Re: 3280-97-F-0024
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $8,300 and is described as follows:

    1993 NISSAN PICKUP
    VIN NUMBER: JN6SD16S0PX424160

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

                To Contest the Forfeiture
                -------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $830 with the FBI by January 28, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

        If you a:

to post the bond.  To request a waiver of the bond, you must
fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by January 28, 1997.

### To Request a Pardon of the Property
-----------------------------------

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence
-----------------------------

The seizure number 3280-97-F-0024 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND M. ABISIA

    Submit all documents to this FBI Field Division:

    HONOLULU DIVISION
    ROOM 4307, KALANIANAOLE FOB
    300 ALA MOANA BLVD.
    HONOLULU, HI 96850
    ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
    808-521-1411

                        Sincerely yours,

                        Phillip L. Buvia
                        Unit Chief
                        Forfeiture and Seized Property Unit
                        Finance Division


NOTE:   All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.

EXHIBIT-B23

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

January 13, 1997

CERTIFIED RETURN RECEIPT

MR. ROLAND ABISIA
C/O JAY ARRIOLA, ESQ.
259 MARTYR STREET NO. 201
AGANA, GU 96910   Re: 3280-97-F-0003

Dear MR. ABISIA:

On October 9, 1996, property was seized by the Federal Bureau of Investigation (FBI) at BARRIGADA, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $22,996 and is described as follows:

     1996 NISSAN 240SX
     VIN NUMBER: JN1AS44D7tw051258

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-----------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $2,299 with the FBI by February 25, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have to post the bond. To request a waiver of the bond, you must

RECEIVED
JAN 22 1997

GAYLE & TEKER

fully disclose your finances in a signed statement called
"Declaration in Support of Request to Proceed in Forma Pauperis."
You can obtain this form from the FBI Field Office listed below.
File the signed declaration and a claim of ownership of the
property with the FBI by February 25, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited
property, submit a petition for remission or mitigation of the
forfeiture (an original and two copies) to the FBI Field Office
identified below.  This petition must include proof of your
ownership interest in the property and the facts and
circumstances which you believe justify return of the property or
return of your interest in the property.  For the regulations
pertaining to remission or mitigation of the forfeiture, see 28
C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52
Federal Register 32785, dated August 31, 1987.  The criteria for
requesting remission of the forfeiture are found at 28 C.F.R.,
Sections 9.5(b)(1),(2),(3),(4), and (5).  The criteria for
requesting mitigation of the forfeiture are found at 9.5(c).  You
should file the petition within thirty (30) days following
receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0003 has been assigned to
this forfeiture action.  Use this number to identify the property
when submitting the claim, petition or other correspondence to
the FBI.

MR. ROLAND ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION: FORFEITURE PARALEGAL SPECIALIST
808-521-1411

                    Sincerely Yours,


                    Phillip L. Buvia
                    Unit Chief
                    Forfeiture and Seized Property Unit
                    Finance Division


NOTE:  All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



**U.S. Department of Justice**

Federal Bureau of Investigation

_EXHIBIT-B24_

_Washington, D.C. 20535_
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0010
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal
Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for
forfeiture for violation of THE CONTROLLED SUBSTANCES ACT.  The
property was appraised at $4,325 and is described as follows:

    1990 NISSAN PICKUP
    VIN NUMBER: JN6SD11SXLX400126

This forfeiture is being conducted pursuant to Title
21, United States Code (U.S.C.), Section 881 and the following
additional federal laws and regulations: 19 U.S.C., Sections
1602-1619, and Title 21, Code of Federal Regulations (C.F.R.),
Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this
property and/or petition to the FBI and request a pardon of the
forfeited property.

            To Contest the Forfeiture
            --------------------------

If you want to contest the seizure or forfeiture of the
property in court, you must file a claim of ownership and a bond
in the amount of $432 with the FBI by January 28, 1997.  The bond
may be in cash or a cashier's check payable to the U.S.
Department of Justice or provide a surety.  This bond must equal
10 percent of the appraised value of the seized properties.
However, where there have been multiple seizures from the same
person with the same statutory and legal justification, the
aggregate bond is not to exceed a maximum of $5,000 for all
properties specified in those notifications.

If you ar~ ~~~~~~~~ ~~~~~~ ~~~ ~~~~~ ~~~ ~~~ ~~~ ~~~~

to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by January 28, 1997.

### To Request a Pardon of the Property
-----------------------------------

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence
------------------------------

The seizure number 3280-97-F-0010 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division


NOTE:  All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



**U.S. Department of Justice**

Federal Bureau of Investigation

*EXHIBIT - B 25*

*Washington, D.C. 20535*
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU 96923  Re: 3280-97-F-0009
INMATE NUMBER: 01292093

Dear MR. ABISIA:

   On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $5,475 and is described as follows:

   1990 TOYOTA CELICA
   VIN NUMBER: JT2AT86FXL0030917

   This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

   You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

      To Contest the Forfeiture
      ---------------------------

   If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $547 with the FBI by January 28, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

   If you a-- indi---- ------ --- ----- --- --- --- ---

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:    All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



**EXHIBIT - B26**

**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D.C. 20535
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUCHROOM LANE
MANGILAO, GU 96923  Re: 3280-97-F-0011
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $4,925 and is described as follows:

1989 TOYOTA COROLLA
VIN NUMBER: JT2AE98CXK3184012

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $492 with the FBI by January 28, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you a:

to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by January 28, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0011 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:   All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.

**U.S. Department of Justice**

Federal Bureau of Investigation

*Washington, D.C. 20535*
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0013
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $1,675 and is described as follows:

1987 TOYOTA VAN
VIN NUMBER: JT4YR28V1H5043636

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $250 with the FBI by January 28, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you a

MR. ROLAND M. ABISIA

to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by January 28, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0013 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division


NOTE:  All telephone inquiries should be directed to the aforementioned FBI field division to the attention of the Forfeiture Paralegal Specialist.

EXHIBIT B 28

**U.S. Department of Justice**

Federal Bureau of Investigation

*Washington, D.C. 20535*
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0018
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $5,025 and is described as follows:

    1989 TOYOTA HI-LUX
    VIN NUMBER: JT4RN93D4K5002058

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

                    To Contest the Forfeiture
                    -------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $502 with the FBI by January 28, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have

.to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by January 28, 1997.

### To Request a Pardon of the Property
-----------------------------------

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence
-----------------------------

The seizure number 3280-97-F-0018 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION: FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE: All telephone inquiries should be directed to the aforementioned FBI field division to the attention of the Forfeiture Paralegal Specialist.

**U.S. Department of Justice**

Federal Bureau of Investigation

*Exhibit-B 29*

*Washington, D.C. 20535*
December 12, 1996

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0014
INMATE NUMBER: 01292093

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $6,850 and is described as follows:

1990 TOTYOTA HI-LUX 4X4
VIN NUMBER: JT4RNO1P3L7020498

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $685 with the FBI by January 28, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you a

to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by January 28, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0014 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:  All telephone inquiries should be directed to the aforementioned FBI field division to the attention of the Forfeiture Paralegal Specialist.



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

February 10, 1997

CERTIFIED RETURN RECEIPT

MR JAY ARRIOLA, ESQ.
C/O ARRIDA, COWAN & ARRIOLA
NO. 201, 259 MARTYR STREET
AGANA, GU  96910  Re: 3280-97-F-0032

Dear MR ARRIOLA, ESQ.:

### Factual and Legal Basis for Seizure

On October 16, 1996, property was seized by the Federal
Bureau of Investigation (FBI) at DEDEDO, GUAM for forfeiture for
violation of Title 21, United States Code, Section 881 because
the property was
furnished or intended to be furnished in exchange for a
controlled substance or was proceeds traceable to such
an exchange in violation of 21 U.S.C. 881(A)(6)  The property was
appraised at $6,800 and is described as follows:

    1985 HARLEY DAVIDSON
    VIN NUMBER: 1HD1BHL16FY020599

This forfeiture is being conducted pursuant to
THE CONTROLLED SUBSTANCES ACT; Title 21, U.S.C., Section 881 and
the following additional federal laws and regulations:  Title 19,
U.S.C., Sections 1602-1619, and Title 21, Code of Federal
Regulations (CFR), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this
property and/or petition to the FBI and request a pardon of the
forfeited property.

### To Contest the Forfeiture

If you want to contest the seizure or forfeiture of the
property in court, you must file a claim of ownership and a bond
in the amount of $680 with the FBI by March 25, 1997.  The bond
may be in cash or a cashier's check payable to the U.S.
Department of Justice or provide a surety.  This bond must equal

FBI/DOJ

of the notice and arrest of the property, or within 30 days after filing the claim, whichever occurs later. For further detail see respectively, Sections 6079 and 6080 of the Anti-Drug Abuse Act of 1988 (Pub. L. 100-690) and implementing regulations at Title 21, CFR, 1316.91-99.

NOTE: More detailed notice of these procedures was provided to the person in possession of the seized property at the time of seizure.

Where to Submit Correspondence
-------------------------------

The seizure number 3280-97-F-0032 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION: FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE: All telephone inquiries should be directed to the aforementioned FBI field division to the attention of the Forfeiture Paralegal Specialist.



10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by March 25, 1997.

### To Request a Pardon of the Property
-----------------------------------

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of this mailed notice of seizure.

### Expedited Review and Return of Seized Property
-------------------------------------------------

If the seizure of the above referenced property resulted from illicit involvement with personal use quantities of a controlled substance you may file a Petition for an Expedited Review and Release of seized property. This petition must be filed within 20 days of the first date of publication of this notice.

If the above referenced property is a conveyance and the seizure resulted from the conveyances illicit involvement with a drug-related offense, and you have chosen to contest the seizure or forfeiture of the conveyance in court by filing a claim and bond as described above, you may file a Petition for an *Expedited Review and Release of Seized Property. This petition* must be filed within 20 days from the date of first publication

EXHIBIT - B 31

**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D.C. 20535
January 14, 1997

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O JAY ARRIOLA, ESQ.
259 MARTYR STREET, NO 201
AGANA, GU 96910  Re: 3280-97-F-0029

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal
Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for
forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The
property was appraised at $3,295 and is described as follows:

1995 BLUEL/YELLOW YAMAHA MOTORCYCLE DIRTBIKE, VIN
JYA4ESW08SA026876, BEARING ENGINE NUMBER 4E-026876

This forfeiture is being conducted pursuant to Title
21, United States Code (U.S.C.), Section 881 and the following
additional federal laws and regulations: 19 U.S.C., Sections
1602-1619, and Title 21, Code of Federal Regulations (C.F.R.),
Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this
property and/or petition to the FBI and request a pardon of the
forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the
property in court, you must file a claim of ownership and a bond
in the amount of $329 with the FBI by March 4, 1997. The bond
may be in cash or a cashier's check payable to the U.S.
Department of Justice or provide a surety. This bond must equal
10 percent of the appraised value of the seized properties.
However, where there have been multiple seizures from the same
person with the same statutory and legal justification, the
aggregate bond is not to exceed a maximum of $5,000 for all
properties specified in those notifications.

If you are indigent (needy and poor), you may not have
to post the bond. To request a waiver of the bond, you must



RECEIVED
(mail)
JAN 22 1997

fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by March 4, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0029 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:   All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.

91



**U.S. Department of Justice**

Federal Bureau of Investigation

_EXHIBIT B 32_

January 9, 1997

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O GUAM DEPT OF CORRECTION
1 MUSHROOM LANE
MANGILAO, GU  96923  Re: 3280-97-F-0033

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT.  The property was appraised at $3,195 and is described as follows:

    1995 BLUE YAMAHA BADGER ALL TERRAIN VEHICLE
    BEARING ENGINE NUMBER 4EM-059291, FRAME/VIN NO.
    UNKNOWN.

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

                  To Contest the Forfeiture
                  -------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $319 with the FBI by March 4, 1997.  The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety.  This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have

MR. ROLAND M. ABISIA

to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by March 4, 1997.

### To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence

The seizure number 3280-97-F-0033 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION:  FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE:  All telephone inquiries should be directed to the
aforementioned FBI field division to the attention of the
Forfeiture Paralegal Specialist.



**U.S. Department of Justice**

Federal Bureau of Investigation

*EXHIBIT B 33*

*Washington, D.C. 20535*
January 14, 1997

CERTIFIED RETURN RECEIPT

MR. ROLAND M. ABISIA
C/O JAY ARRIOLA, ESQ.
259 MARTYR STREET, NO 201
AGANA, GU  96910  Re: 3280-97-F-0034

Dear MR. ABISIA:

On October 11, 1996, property was seized by the Federal Bureau of Investigation (FBI) at AGAFA GUMAS, YIGO, GUAM for forfeiture for violation of THE CONTROLLED SUBSTANCES ACT. The property was appraised at $3,995 and is described as follows:

1995 PINK YAMA BLASTER 4-WHEELER, VIN JY43JMA09SA183684, BEARING ENGINGE NUMBER 3JN 183684.

This forfeiture is being conducted pursuant to Title 21, United States Code (U.S.C.), Section 881 and the following additional federal laws and regulations: 19 U.S.C., Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.), Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this property and/or petition to the FBI and request a pardon of the forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership and a bond in the amount of $399 with the FBI by March 4, 1997. The bond may be in cash or a cashier's check payable to the U.S. Department of Justice or provide a surety. This bond must equal 10 percent of the appraised value of the seized properties. However, where there have been multiple seizures from the same person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have



RECEIVED
by mail
JAN 22 1997

GAYLE & TEKER

to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by March 4, 1997.

## To Request a Pardon of the Property

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

## Where to Submit Correspondence

The seizure number 3280-97-F-0034 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.

MR. ROLAND M. ABISIA

Submit all documents to this FBI Field Division:

HONOLULU DIVISION
ROOM 4307, KALANIANAOLE FOB
300 ALA MOANA BLVD.
HONOLULU, HI 96850
ATTENTION: FORFEITURE PARALEGAL SPECIALIST
808-521-1411

Sincerely Yours,

Phillip L. Buvia
Unit Chief
Forfeiture and Seized Property Unit
Finance Division

NOTE: All telephone inquiries should be directed to the aforementioned FBI field division to the attention of the Forfeiture Paralegal Specialist.



**U.S. Department of Justice**

Federal Bureau of Investigation

EXHIBIT # B.34

*Washington, D.C. 20535*

February 10, 1997

CERTIFIED RETURN RECEIPT

MR JAY ARRIOLA
C/O ARRIDA,COWAN & ARRIOLA
259 MARTYR STREET NO. 201
AGANA, GU  96910  Re: 3280-97-F-0035

Dear MR ARRIOLA:

On October 16, 1996, property was seized by the Federal
Bureau of Investigation (FBI) at DEDEDO, GUAM for forfeiture for
violation of THE CONTROLLED SUBSTANCES ACT.  The property was
appraised at $3,100 and is described as follows:

MISCELLANEOUS ELECTRONIC EQUIPMENT INCLUDING:
MACINTOSH COMPUTER MONITOR SN CY4461EC3CW; HARD
DRIVE SN CK5140AH3WB; KEYBOARD SN E0191899;
PRINTER SN 34557; CCTV 1220 MODEL SN 509678;
VIDEO CAMER SN 5060068; VIDEO CAMER SN 5060068;
SHAMROCK MONITOR SN 64TTA0227194; HARD DRIVE;
KEYBOARD SN 960080777; PRINTER (HEWLETT PACKARD)
SN SG62B16132; 2 SPEAKERS

This forfeiture is being conducted pursuant to Title
21, United States Code (U.S.C.), Section 881 and the following
additional federal laws and regulations:  19 U.S.C., Sections
1602-1619, and Title 21, Code of Federal Regulations (C.F.R.),
Sections 1316.71 - 1316.81.

You may contest the seizure and forfeiture of this
property and/or petition to the FBI and request a pardon of the
forfeited property.

To Contest the Forfeiture
-------------------------

If you want to contest the seizure or forfeiture of the
property in court, you must file a claim of ownership and a bond
in the amount of $310 with the FBI by March 25, 1997.  The bond
may be in cash or a cashier's check payable to the U.S.
Department of Justice or provide a surety.  This bond must equal
10 percent of the appraised value of the seized properties.
However, where there have been multiple seizures from the same

person with the same statutory and legal justification, the aggregate bond is not to exceed a maximum of $5,000 for all properties specified in those notifications.

If you are indigent (needy and poor), you may not have to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called "Declaration in Support of Request to Proceed in Forma Pauperis." You can obtain this form from the FBI Field Office listed below. File the signed declaration and a claim of ownership of the property with the FBI by March 25, 1997.

### To Request a Pardon of the Property
------------------------------------

If you want to request a pardon of the forfeited property, submit a petition for remission or mitigation of the forfeiture (an original and two copies) to the FBI Field Office identified below. This petition must include proof of your ownership interest in the property and the facts and circumstances which you believe justify return of the property or return of your interest in the property. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R., Sections 9.1-9.7, dated August 7, 1987 as amended in 52 Federal Register 32785, dated August 31, 1987. The criteria for requesting remission of the forfeiture are found at 28 C.F.R., Sections 9.5(b)(1),(2),(3),(4), and (5). The criteria for requesting mitigation of the forfeiture are found at 9.5(c). You should file the petition within thirty (30) days following receipt of the mailed notice of seizure.

### Where to Submit Correspondence
------------------------------

The seizure number 3280-97-F-0035 has been assigned to this forfeiture action. Use this number to identify the property when submitting the claim, petition or other correspondence to the FBI.



**U.S. Department of Justice**

Drug Enforcement Administration

_EXHIBIT # B.35_

*Washington, D.C. 20537*

Request Number:  03-1389-P

Subject of Request:  ABISIA, ROLAND M.

FCI BIG SPRING
1900 SIMLER AVENUE
BIG SPRING, TX 79720

DEAR ROLAND M. ABISIA:

Your Freedom of Information/Privacy Act (FOI/PA) request seeking information from the Drug Enforcement Administration (DEA) has been processed. The paragraphs checked below apply:

[ ] A determination has been made to deny your request pursuant to subsections of the Privacy Act and/or Freedom of Information Act referenced at the end of this letter. The exemption number(s) indicated by a mark appearing in the block to the left of the subsection cited constitutes the authority for withholding the deleted material. An attachment to this letter explains these exemptions in more detail.

[X] The processing of your request identified certain materials that will be released to you. Portions not released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. 552, and/or the Privacy Act, 5 U.S.C. 552a. Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail.

[X] The documents are being forwarded to you with this letter.

[X] The rules and regulations of the Drug Enforcement Administration applicable to Freedom of Information Act requests are contained in the Code of Federal Regulations, Title 28, Part 16, as amended. They are published in the Federal Register and are available for inspection by members of the public.

[ ] Certain DEA documents contained information furnished by another government agency. DEA is in the process of consulting with that agency before granting access to the documents in accordance with 28 C.F.R 16.4 and/or 16.42. You will be notified if more material is available for release pending results from that consultation.

[ ] Certain DEA files contain information that was furnished by another government agency or agencies. That information and a copy of your request have been referred for a decision as to access and the agency or agencies involved will respond directly to you in accordance with 28 C.F.R 16.4 and/or 16.42.

[X] If you wish to appeal any denial of your request, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

> Co-Director
> Office of Information and Privacy
> FLAG Building, Suite 570
> Washington, D.C. 20530

[ ] For further information, see attached comments page.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section
Drug Enforcement Administration
Washington, D.C. 20537

Number of Pages Withheld:                                          13

Number of Pages Released:                                          06

Number of Pages Referred to another agency:            00

## APPLICABLE SECTIONS OF THE FREEDOM OF INFORMATION AND/OR PRIVACY ACT:

| Freedom of Information Act 5 U.S.C. 552 | | | Privacy Act 5 U.S.C. 552a | |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(5) | [X] (b)(7)(C) | [ ] (d)(5) | [ ] (k)(2) |
| [X] (b)(2) | [ ] (b)(6) | [X] (b)(7)(D) | [X] (j)(2) | [ ] (k)(5) |
| [ ] (b)(3) | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] (k)(1) | [ ] (k)(6) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [X] (b)(7)(F) | | |

## FREEDOM OF INFORMATION ACT
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1) Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(b)(2) Materials related solely to the internal rules and practices of DEA.

(b)(3) Information specifically exempted from disclosure by another federal statute.

(b)(4) Privileged or confidential information obtained from a person, usually involving commercial or financial matters.

(b)(5) Inter-agency or intra-agency documents which are subject to a privilege, such as documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, or which represent the work product of an attorney, or which reflect confidential communications between a client and an attorney.

(b)(6) Materials contained in sensitive records such as personnel or medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7) Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

## PRIVACY ACT
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5) Materials compiled in reasonable anticipation of a civil action or proceeding.

(j)(2) Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1) Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(k)(2) Material compiled during civil investigations for law enforcement purposes.

(k)(5) Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to an express promise that his identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6) The substance of tests used to determine individual qualifications for appointment or promotion in Federal Government Service.

**U. S. Department of Justice**
Drug Enforcement Administration

| REPORT OF INVESTIGATION | | | Page 1 of 1 | |
|---|---|---|---|---|
| 1. Program Code | 2. Cross File | Related Files | 3. File No. RB-97-0002 | 4. G-DEP Identifier |
| 5. By: At: Agana, Guam | ☐ ☐ ☐ ☐ ☐ | | 6. File Title ABISIA, Roland | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | | | 8. Date Prepared September 24, 1997 | |
| 9. Other Officers: | | | | |

10. Report Re:

Case Closing

DETAILS:

1.     The assets in this case have been forfeited and disbursed.

2.     This case was established for the sole purpose of recording the assets seized in this FBI case in which the DEA Task Force participated.    DEA standard seizure forms were submitted for statistical purposes only.

3.     No additional closing forms are necessary for this case file; therefore, it is considered closed.

INDEXING SECTION:

1.     ABISIA, Roland - NADDIS 3757702.



2 - SART (PINK)

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U. S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 1

| 1. Program Code | 2. Cross File | Related Files | 3. File No. RB-97-0002 | 4. G-DEP Identifier |
| --- | --- | --- | --- | --- |
| 5. By: ███████████ At: Agana, Guam | ☐ ☐ ☐ ☐ | | 6. File Title ABISIA, Roland | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | ☐ | | 8. Date Prepared June 16, 1997 | |
| 9. Other Officers: | | | | |

10. Report Re:     Amendment to DEA-6 dated February 14, 1997 entitled Seizure of Assets in FBI Case File: GUAHAN ICE

### DETAILS:

1.    Several changes to exhibit numbers on the Summary Report, dated February 14, 1997, under the above file title and number, are being made due to the fact the FBI consolidated several of the assets under one exhibit number.

2.    The changes are as follows:

            Exhibit N-1  - 1993 GMC 4X4 Sportside
            Exhibit N-2  - No exhibit
            Exhibit N-26 - No exhibit
            Exhibit N-28 - No exhibit
            Exhibit N-29 - No exhibit
            Exhibit N-32 - No exhibit
            Exhibit N-33 - No exhibit

3.    ABISIA has been convicted and is currently serving his sentence.

4.    The assets have been forfeited and will be disbursed shortly.

5.    Once the assets are disbursed, this case will be considered closed.

### INDEXING SECTION:

1.    ABISIA, Roland - NADDIS 3757702.



This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition dated 8/94 may be used

U. S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 1

| 1. Program Code | 2. Cross File | Related Files | 3. File No. RB-97-0002 | 4. G-DEP Identifier |
|---|---|---|---|---|
| 5. By: | | | 6. File Title | |
| At: Agana, Guam | | | ABISIA, Roland | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | | | 8. Date Prepared June 2, 1997 | |

9. Other Officers:

10. Report Re:

Case Status

DETAILS:

1. The assets seized by the FBI Guam Office are due to be forfeited and distributed to the Guam Police Department (GPD) in the near future.

2. The defendant in this case has been convicted and sentenced.

3. Once all the assets in this case are forfeited, the case will be closed.

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

2 – SARI (PINK)

**U. S. Department of Justice**
Drug Enforcement Administration

## REPORT OF INVESTIGATION

| 1. Program Code SUMMARY REPORT | 2. Cross File | Related Files | 3. File No. RB-97-0002 | 4. G-DEP Identifier |
|---|---|---|---|---|
| 5. By: ▓▓▓▓▓▓▓▓▓▓ At: Agana, Guam | ☐ ☐ ☐ ☐ | | 6. File Title ABISIA, Roland | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | ☐ | | 8. Date Prepared February 14, 1997 | |
| 9. Other Officers: | | | | |

10. Report Re:
Seizure of Assets in FBI Case File; GUAHAN ICE

DEFENDANTS:
ABISIA, Roland
Plot 178, Block 9
Lot C, Adotgan Lochan St.
Yigo, Guam
SSN:      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
DOB:      06-09-60
POB:      Philippines
NADDIS:   3757702

VIOLATION:
Title 21 USC 841(C)(1)
            846
            852(A)
            963
Title 18 USC 2

DATE AND LOCATION:
October 11, 1996
Adotban Luchan St.
Yigo, Guam

EXHIBITS:
N-1  - $7,640.90 U.S. Currency
N-2  - Miscellaneous Jewelry
        (Rolex watch)
N-3  - 1996 Nissan 240SX
N-4  - 1995 Pontiac Firebird
N-5  - $495,628 U.S. Currency
N-6  - 1990 Nissan 300ZX
N-7  - 1988 Chevrolet Corvette
N-8  - 1990 Toyota Celica
N-9  - Yamaha Quad Runner
N-10 - 1990 Nissan Pickup
N-11 - 1989 Toyota Corolla
N-12 - 1986 Nissan Pickup

**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition dated 8/94 may be used

2 - SARI (PINK)

U. S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION
*(Continuation)*

| | |
|---|---|
| 1. File No. **RB-97-0002** | 2. G-DEP Identifier |
| 3. File Title **ABISIA, Roland** | |

4.  Page **2** of **3**

5. Program Code

6. Date Prepared **February 14, 1997**

```
N-13 - 1987 Toyota Van
N-14 - 1990 Toyota 4x4
N-15 - 1985 Chevrolet Blazer
N-16 - 1994 Mitsubishi 300GT
N-17 - 1991 GMC Sierra 4x4
N-18 - 1987 Toyota Pickup
N-19 - 1987 Porche
N-20 - 1995 Ford Mustang
N-21 - 1994 Lexus GS
N-22 - 1991 Chevrolet Z38
N-23 - 1986 Chevrolet Corvette
N-24 - 1993 Nissan Pickup
N-25 - Yamaha Laster ATV
N-26 - Yamaha Motorcycle
N-27 - Miscellaneous Automotive
       Equipment
N-28 - Miscellaneous Jewelry (GUCCI)
N-29 - 1985 Harley Davidson
       Motorcycle
N-30 - Trailer Mounted Generator
N-31 - 1995 Mitsubishi 300GT
N-32 - Miscellaneous Jewelry
       (NINA RICCI)
N-33 - CCTV Model 1220
N-34 - Night Vision Scope
N-35 - CCTV, Monitor, Camera, Cables
```

The above named exhibits were seized pursuant to a search warrant conducted on October 11, 1996. The Federal Bureau of Investigation (FBI) seized the exhibits and processed same for forfeiture.

DETAILS:

1.  On October 11, 1996, a three year OCDETF investigation conducted by the Guam FBI office culminated in the arrest of Roland ABISIA and the seizure of approximately $880,472.00 in assets.

2.  During the three year investigation, the Guam DEA office assisted with the investigation insofar as providing the time, manpower and intelligence information on the case. This is attested to in the affidavit authored ████████████

DEA Form – 6a
(Aug. 1994)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

2 - AMRI (PINK)

Previous edition dated 5/80 may be used.

## REPORT OF INVESTIGATION

*(Continuation)*

| | | |
|---|---|---|
| 1. File No. RB-97-0002 | 2. G-DEP Identifier | |
| 3. File Title ABISIA, Roland | | |

4.   Page 3 of 3

| | |
|---|---|
| 5. Program Code | 6. Date Prepared February 14, 1997 |

3.   During the search conducted on October 11, 1996, ice paraphernalia and marijuana were seized along with the assets.

4.   ABISIA was arrested pursuant to a arrest warrant by the FBI. Subsequent to his arrest, ABISIA pled guilty to Conspiracy to Distribut 3000 grams of Methamphetamine over a multi-year period.

5.   Seizure forms for the assets seized are submitted for administrative/statistical purposes only.

INDEXING SECTION:

1.   ABISIA, Roland - NADDIS 3757702.

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/80 may be used.

2 - AMRI (PINK)

abisia.ple

FREDERICK A. BLACK
United States Attorney
MARK E. KONDAS
Assistant U.S. Attorney
Suite 502-A, Pacific News Bldg.
238 Archbishop Flores Street
Agana, Guam  96910
Telephone:   (671) 472-7332/7283
Telecopier:  (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM

OCT 08 1996

MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 96-00089 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| ROLAND M. ABISIA, | |
| Defendant. | |

Pursuant to Rule 11(e)(1)(B), the United States and the defendant, ROLAND M. ABISIA, enter into the following plea agreement:

1.  The defendant agrees to waive indictment pursuant to Federal Criminal Procedure Rule 7(b), and enter a guilty plea to an information charging him with Conspiracy to Distribute 3,000 grams of Crystal Methamphetamine aka "Ice", in violation of Title 21 U.S.C. §§ 841(a)(1) and 846.

1

FORM OBD-183

2. The defendant, ROLAND M. ABISIA, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of the importation, possession, and distribution of controlled substances and related unlawful activities, including the disposition of profits from and assets relating to such activities. He agrees to testify fully and truthfully before any grand juries and at any trials or proceedings if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any non-violent Federal, State, or Territorial offenses that he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses now known to the government or which he reveals to Federal authorities.

3. The defendant, ROLAND M. ABISIA, understands and agrees that any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of illegal trafficking in drugs or used to facilitate such illegal activity shall be surrendered to the United States or any lawful agency as may be directed by the Court. The assets to be surrendered include, but

2

OBD-183
MAR. 83

1    are not limited to cash, stocks, bonds, certificate of deposit,

2    personal property and real property.

3       4.   The defendant, ROLAND M. ABISIA, further agrees to

4    submit to a polygraph examination by any qualified Federal

5    polygraph examiner. The defendant understands that such

6    polygraph examinations may include, but will not be limited to,

7    his knowledge of or involvement in unlawful drug related

8    activities, and the identification of any and all assets and

9    conveyances acquired in whole or in part by the defendant or

10    others through unlawful drug related activities or the use of

11    such assets or conveyances to further such unlawful activities.

12    Defendant understands that the government will rely on the

13    polygraph in assessing whether he has been fully truthful.

14       5.   The defendant, ROLAND M. ABISIA, understands that the

15    <u>maximum</u> sentence for Conspiracy to Distribute 3,000 grams of

16    crystal methamphetamine aka "ice" is a term of imprisonment for

17    life a mandatory minimum term of ten (10) years incarceration,

18    and $4,000,000.00 fine, together with any restitution as the

19    court may order, and a $50 special assessment fee. Any sentence

20    imposed shall include a term of supervised release of at least

21    five (5) years in addition to such terms of imprisonment. If

22    defendant cooperates as set forth in Paragraphs 2, 3,and 4, the

23    government will recommend that defendant receive the minimum term

24    of incarceration recommended by the Sentencing Guidelines, and

25    credit for time served, if any. If defendant does not fully

26

- 3 -

KM OBD-183

cooperate as set forth in Paragraphs 2, 3, and 4, the government will recommend whatever sentence of incarceration within the Guidelines range it may deem appropriate. The government may move for a downward departure if the defendant renders substantial assistance pursuant to Section 5K1.1 of the U.S. Sentencing Commission Guideline Manual, effective November 1, 1995 and 18 U.S.C. § 3553(e). The defendant understands that such motion is within the sole discretion of the government.

The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

6. The defendant understands that the sentencing guidelines apply to this offense. The government and the defendant stipulate to the following facts for purposes of the sentencing guidelines:

a. The defendant was born on June 9, 1960 and is a citizen of the United States of America.

b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating

- 4 -

M OBD-183
MAR. 83

1  information so provided will not be used against defendant in
2  assessing his punishment, and therefore, pursuant to § 1B1.8 of
3  the sentencing guidelines, this information should not be used in
4  determining the applicable guidelines range.

5         c.  Between 1992 and October, 1996 the defendant
6  procured 3,000 grams of crystal methamphetamine a/k/a "ice" for
7  resale.  During that time period, the defendant recruited others
8  to distribute the 3,000 grams around the Territory of Guam and to
9  collect the proceeds of the sales. On October 24, 1994, the
10 defendant admitted to FBI Special Agent Kevin Peterson that
11 between 1992 and October 1994 he obtained more than 1,000 grams
12 of ice for resale.  On October 8, 1996, the defendant was
13 arrested and had approximately 140 grams of ice on his person.

14        d.  The defendant understands that notwithstanding any
15 agreement of the parties, the United States Probation Office will
16 make an independent application of the Sentencing Guidelines.
17 The defendant acknowledges that should there be discrepancies in
18 the final sentencing guidelines range projected by his counsel or
19 any other person, such discrepancy is not a basis to withdraw his
20 guilty plea.

21    ✗ 7.  The defendant understands that this plea agreement
22 depends on the fullness and truthfulness of his cooperation.
23 Therefore, defendant understands and agrees that if he should
24 fail to fulfill completely each and every one of his obligations
25 under this plea agreement, or make material omissions or

26

- 5 -

(M OBD-183)
MAR. 83

intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed.

8. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of <u>her</u> sentencing date as it may become necessary.

9. In exchange for the government's concessions in this plea agreement, defendant waives any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence imposed in this case.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

- 6 -

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial, and that he is waiving all appellate issues that might have been available if he had exercised his right to trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

- 7 -

FORM OBD-183
MAR. 83

g.   That he reads, writes and speaks the English language and has no need for an interpreter;

h.   That he has read the plea agreement and understands it.

i.   The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED:  _10/08/96_

_____
ROLAND M. ABISIA
Defendant

DATED:  _10/8/96_

_____
JOAQUIN C. ARRIOLA, Jr.
Attorney for Defendant

FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI

DATED:  _10/8/96_

_____
MARK E. KONDAS
Assistant U.S. Attorney

- 8 -

FORM OBD-183
MAR. 83