



## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

ROLAND M. ABISIA,

    Defendant-Petitioner,

           vs.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

Criminal Case No. 96-00089

Civil Case No. 04-00047

**ORDER**

    Petitioner Roland M. Abisia filed a motion[1] on July 20, 2004 that was construed by the court to be a filing pursuant to 28 U.S.C. 2255 pursuant to an Order filed on November 9, 2004[2]. On December 28, 2004, Petitioner filed an objection to the court's assessment that he was seeking relief pursuant to § 2255, asserting that the court erroneously recharacterized his pleading.[3] Further, plaintiff asserts that he is proceeding and entitled to relief solely based on FRCP 35(b).

    This Court in issuing its November 9, 2005 Order, did not "recharacterize" Petitioner's pleading but rather "liberally construed" petitioner's filing based on review of the law cited, types of relief requested and the plain language contained therein. In review of the relevant sections of FRCP 35(b)[4], the Court finds that the petitioner's motion is not properly brought since motion's pursuant to this section can only be brought

---

[1] The motion is titled "Motion Under Fed. R. Crim. P. Rule 35(b) Pursuant to: Specific Performance of Plea Agreement, and/or Debriefing." ("Motion") along with said motion Petitioner filed a decleration entitled "Sworn Statements Under the Penalty of Perjury of inmated Rolando M. Abisia" *See* Docket Nos. 56 and 57 respectively.

[2] *See* Docket No.58.

[3] Petitioner's objection is titled "In Re: to Nov. 9th 2004 Order of the Court," ("Objection").

[4] FRCP 35(b)(2) in relevant part provides "upon **the government's motion** made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved . . ." (emphasis added).

1  by the government. As such, said rule does not supply plaintiff with a valid form of post-conviction relief.

2  Further, the plain language in the opening statement of Petitioner's Motion indicates, "This is a 28 USC §

3  2255 from a judgment rendered May 29, 1997 by the Honorable John S. Unpingco. . .". (Motion at 2).   It

4  is for these reasons, the Court merely interpreted the content of Petitioner's motion and attempted to fit it

5  in an appropriate area of the law that would allow Petitioner's concerns to be heard.  Therefore, the Court

6  finds that despite Petitioner's objection, his motion is most correctly identified as being brought as a Motion

7  to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.

8      However, as such, this is Petitioner's second motion for  § 2255 relief,[5] yet Petitioner has not

9  received certification from the Ninth Circuit to file a second motion.  Therefore, this Court lacks jurisdiction

10  to consider the present motion per 28 U.S.C. § 2255.

11      IT IS THEREBY ORDERED that Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is

12  transferred to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.[6]  IT IS FURTHER

13  ORDERED that the Clerk of Court shall forward a copy of Petitioner's motion and supplemental pleadings

14  to the Clerk of the Ninth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3).

15      SO ORDERED this  _3_  day of May, 2004.

16

17                                          _David O. Carter_
                                            **DAVID O. CARTER**[7]
18                                          **United States District Judge**

19  ─────────────────────────────────────────────

20  [5] Plaintiff's first petition under § 2255 was filed on March 29, 2001 in CV 01-00013 and was subsequently denied on April 4, 2001. A subsequent request to the Ninth Circuit, by Petitioner to appeal that decision was denied on July 25, 2001. *See* Docket Nos. 50, 51, 52, 53, and 55.

21

22  [6] 28 U.S.C. § 1631 provides:

23      Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action

24      or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from

25      which it is transferred.

26

27  [7] The Honorable David O. Carter, United States District Judge for Central California, by designation.

28                                          - 2 -